Argued May 29, affirmed June 18, petition for rehearing denied
July 11, petition for review allowed October 2, 1973

## STATE OF OREGON, *Respondent, v.*
## KENNETH FRANK GUISINGER, *Appellant.*
### 511 P2d 416

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

Defendant was convicted by a jury of the crime of obtaining money by false pretenses (former ORS 165.205). On March 9, 1972, he was placed on probation under the supervision and control of the Oregon Corrections Division for three years.[1] No appeal

---

[1] From Order Suspending Sentence dated March 9, 1972:

"IT IS HEREBY ORDERED that sentence upon the above named defendant, Kenneth Frank Guisinger, be, and the same hereby is, suspended for a period of three years, on condition that he be placed on probation under the supervision and control of the Corrections Division of the State of Oregon, subject to their rules and regulations, and the following special conditions: (1) that he make restitution through the Jackson County Clerk for outstanding checks; (2) that he repay Jackson County for attorney fees; and (3) that he shall answer the probation officer's inquiries truthfully and frankly, and cooperate in the investigation if a probation officer has

was taken therefrom. On September 14, 1972, a motion to revoke probation was filed alleging "said defendant has been charged with the commission of a felony in California."

On November 30, 1972, the court, following a hearing, the transcript of which is not before us, entered its order:

"*  *  * that probation granted to said defendant on March 9, 1972, be continued under the same terms and conditions, and upon the further condition that defendant stay at work camp for a period of six months."

On January 5, 1973, pursuant to ORS 421.468, the court requested the approval of the Administrator of the Corrections Division for the transfer of the defendant to a forest work camp established under ORS 421.455. Defendant was subsequently transported there.

During his stay there he sustained an injury while working, for which he received medical attention. He was removed temporarily for a brief period from regular work pursuant to the physician's recommendation. A few days later, however, he was ordered by the forest camp director to return to regular work, pursuant to ORS 421.468 (2).[2] In the belief this was contrary to the doctor's instruction, defendant did not

reason to believe the defendant has violated the conditions of his probation."

[2] ORS 421.468 (2):

"While employed at a forest work camp established under ORS 421.455 to 421.480, a local inmate is temporarily within the custody of the administrator and subject to rules promulgated by the administrator governing such custody and employment, but remains subject to the jurisdiction of the county or city."

do·so. He was then given the choice by the forest camp officials of doing so or of being returned to the county jail pursuant to ORS 421.480. Accordingly, when he did not go to his assigned job, he was returned to the Jackson County jail, as authorized by ORS 421.480.

Thereafter, an order to show cause why the probation should not be revoked was duly served, and a hearing was held thereon on March 15, 1973. At its conclusion the court revoked the probation and committed him to the custody of the Oregon Corrections Division for 18 months. He appeals from the resulting judgment, asserting that his probation was improperly revoked.

In *State v. Frye,* 2 Or App 192, 195, 465 P2d 736 (1970), we said:

> "The standards which the trial court may expect of its probationers are set forth in *Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964), as follows:
>
> "'* * * It is not necessary to revocation that the person on probation be convicted of a new crime, but only that the trial judge be satisfied that the purposes of probation are not being served, or that the terms thereof have been violated. * * * Probation is not a matter of right, but a matter of discretion. Probation is granted, withheld, or revoked in the exercise of the judicial discretion of the trial judge, guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime.'
>
> "Since the grant, denial or revocation of probation is discretionary with the trial court, the question is whether the trial court acted arbitrarily or capriciously. * * *"

■■ In *Perry v. Williard*, 247 Or 145, 427 P2d 1020 (1967), the Supreme Court said:

"In *Barker v. Ireland*, 238 Or 1, 392 P2d 769 (1964), we took note of the duty of the trial court under ORS 137.550 (2) to make a factual determination. While the hearing should be limited to the narrow issue of the misconduct alleged to constitute a violation of the terms of probation, the hearing must provide a fair and trustworthy procedure for discovering the truth of any facts that may be in dispute.

"Whether the advantages of continued freedom on probation are deemed to be 'rights' or 'privileges', probation is important both to the probationer and to the court as a tool of rehabilitation. A decision on the continued liberty of an individual should be made judicially, in the light of all relevant factual data, and with adequate procedural safeguards." (Citation omitted.) 247 Or at 147.

The sole testimony adduced at the second revocation hearing was that of the defendant himself. Additionally, his counsel related his version of a telephone conversation held with the physician in Tillamook County that morning. If any reports of any nature were submitted to the court by the Oregon Corrections Division concerning the defendant's conduct while on probation or in the forest camp, they were not offered in evidence, nor do they otherwise appear in the record. No request for their production or for the production of witnesses was made. Thus the record before us, and, we presume, before the trial judge, is simply that revealed by the transcript of the second revocation hearing.

The trial court at the time of sentence, referring to its order of November 30, 1972, continuing the defendant on probation, stated:

"THE COURT: I am faced with this alterna-

tive. I told Mr. Guisinger that it was either the work program be completed satisfactorily or he go to the Oregon Corrections Institution. There was really no other way, it was one or the other. I have no intention of putting him back on probation because he violated it. That was an alternative to him going to the penitentiary, and it is kind of an unusual procedure that it was one or the other. That it [sic] is the way I left it with Mr. Guisinger at that time.

"MR. CUSHING [defense counsel]: I recognize that, your Honor, and also I recognize that I can't stand before you today and tell you that I have another alternative comparable to the forest work camp as something with which Ken might be put into, or take advantage of. * * *

"THE COURT: Do you want to stand, Mr. Guisinger. On the order that I entered on the 30th of November, 1972, and two, denying his probation which was originally granted March 9, 1972, and that he was brought before the Court based upon a violation of the terms of that March 9 probation, at that time I continued the probation under the same conditions and same terms as previously, but I added the further term that 'Defendant stay at work camp for a period of six months.'

"Now, had he not been accepted at a work camp then I would not have continued his probation. He has not stayed at the camp, even though there may be some merit to the facts that it is not entirely his fault. * * *

"* * * * * *

"I am not going to send him to the County Jail. He's in violation from the original probation because he committed another crime, and we have been unable to have him fill out the compliance of the probation, so I don't feel that I can give him probation."

ORS 421.480 states:

"When the need for the labor of a state inmate or local inmate transferred to a forest work camp has ceased or when he is guilty of any violation of the rules of the administrator, the administrator may return him to the institution, county or city from which he was transferred."

Under this statute the administrator is given authority to return an inmate to the county under the named circumstances. No claim is here made that the sentencing judge retains direct authority over the administrator to compel him to maintain an inmate at a forest camp. Nor is the administrator a party to this proceeding.

■ Here it is clear that the trial judge accorded to the defendant every opportunity short of commitment that was reasonably available. We cannot say that he abused his discretion in revoking defendant's probation and imposing the challenged judgment.

Affirmed.