Argued December 18, 1974, affirmed January 20, 1975

JOHN HUMPHREY, *Petitioner, v.* OREGON
STATE PENITENTIARY (08-74-019) (3746),
*Respondent.*
530 P2d 877

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

This is an appeal from a disciplinary order of the Superintendent of the Oregon State Penitentiary (OSP).

Petitioner was found guilty by an OSP disciplinary committee of the following:

(1) Disrespect to staff;

(2) Major disruptive behavior; and

(3) Menacing.

The evidence and findings were as follows: That about 6:30 p.m. on August 5, 1974, petitioner approached Corrections Officer Hansen in the inmate dining room and requested access to the legal library that evening; that Cpl. Hansen, who was the officer in

charge of the library, explained to petitioner that the rules required that he must make a written application therefor (except in cases of emergency), and denied him permission; that petitioner became belligerent and abused the officer with foul language. The first incident ended at this time.

The second incident commenced about 7 p.m. when petitioner came to the library and approached Cpl. Hansen's desk, again requesting permission to use the library. Cpl. Hansen repeated his earlier statement about the regulations; petitioner again became belligerent and abused the officer with foul language. Petitioner's statements became stronger despite the fact that the officer, at inmate Slopak's request, told petitioner he could remain for a little while. When the officer started to dial for help, petitioner in a fit of rage threatened to kill the officer if he made the call, and also threatened to kill the officer's family when he "got out."

The third charge, menacing, stemmed from the threats on the life of Cpl. Hansen and on the lives of his family.

On August 12, 1974, the committee entered its order that petitioner be disciplined by requiring him to serve one year in segregation.

On September 4, 1974, the superintendent amended the order by reducing the punishment to six months in segregation.

On December 12, 1974, after respondent filed an amended disciplinary committee order and findings of fact, the disciplinary committee amended its previous order by increasing petitioner's punishment to one

year in segregation with credit for time served. The committee's order was approved by the superintendent on the same date.

Petitioner contends that the present order is invalid for the following reasons:

(1) "The Disciplinary Committee erred in finding petitioner in violation of three separate major rule violations arising out of the same course of conduct."

(2) "The Disciplinary Committee and superintendent erred in failing to follow the rules of the Corrections Division by not giving consideration to petitioner for time spent in segregation (holding status) before entering the final order."

(3) "The Disciplinary Committee failed to follow the rules of the Corrections Division by not filing a written investigator's report of a witness's statement."

(4) "The Disciplinary Committee erred in not preparing complete or adequate findings of fact and conclusions of law as required by the Court of Appeals' decision in Fowler v. Oregon State Correctional Institution, 99 Adv Sh 1105, 525 P2d 191 (1974)."

(5) "The superintendent failed to follow the rules of the Corrections Division by failing to state in writing his reasons for increasing the sanction previously imposed."

■ As to petitioner's first contention, the findings of fact and the record in the hearing indicate that while the three incidents which formed the basis of the charges occurred in sequence on the same day, and involved the same corrections officer, each constituted a separate infraction and could properly be the subject of a separate charge. Although petitioner's version of the facts differed from that of Cpl. Hansen, there

was substantial evidence in the record to support the committee's findings and conclusions.

Petitioner has now withdrawn his second assignment as being moot in the light of an amended order filed by the disciplinary committee.

■ Petitioner's third assignment is without merit. The rule which petitioner relies upon[1] has no application to the instant situation. The record shows that the disciplinary committee made no prior finding that petitioner had "actually committed the prior misconduct." Secondly, no "staff investigator" was ever appointed. Both of these conditions precedent must occur before Rule VI(2) comes into play. The chairman of the committee recessed the hearing so that he could obtain Capt. Seed's version of the incidents. After the chairman obtained this information he reconvened the hearing and placed the information obtained into the record as a report.

■ As to the petitioner's fourth assignment, the supplement to the record contains a written statement by the committee as to what evidence it relied upon, and the reasons for the disciplinary action taken against petitioner. This supplement meets the test laid down in *Fowler v. OSCI*, 18 Or App 280, 525 P2d 191 (1974).

---

[1] Corrections Division Rule VI(2) provides:

"Residents accused of rule infraction with major consequences may request the assignment of a staff investigator to assist in an explanation of any extenuating circumstance. The investigator will be assigned only at the discretion of the disciplinary committee, and only after the resident is found to have actually committed the reported misconduct. The staff investigator must submit a report in writing to the committee responsible for recommendation to the superintendent for any release date adjustment."

■ Petitioner's fifth assignment, which was, by permission of this court, presented in petitioner's supplemental brief, is that the superintendent failed to follow the rules of the Corrections Division in that the superintendent failed to state in writing his reasons for increasing the sanctions previously imposed.

Rule VI(3)(d) provides:

> "The superintendent shall have the power to increase the sanction imposed. When he does so, he shall state in writing his reasons why and immediately inform the resident, the disciplinary committee and reporting employe of his action and reasons."

Petitioner's final contention is likewise not well taken. The superintendent did not increase the sanction imposed by the disciplinary committee; he simply approved it. Therefore Rule VI(3)(d) has no application.

Affirmed.