Argued February 20, affirmed March 24, reconsideration denied
April 30, petition for review denied May 20, 1975

# STATE OF OREGON, *Respondent, v.* MARK LEON FORTIER (No. 71 4210), *Appellant.*

### 533 P2d 187

*Michael V. Phillips,* Eugene, argued the cause for appellant. With him on the brief were Hammons, Phillips & Jensen, Eugene.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

## THORNTON, J.

Defendant appeals from an order revoking his probation. In support of his attack upon the revocation order, defendant makes the following assignments of error:

(1) The court erred in applying the "preponderance of the evidence" standard in finding a violation of probation.

(2) The court erred in revoking probation for the same charges upon which defendant had been acquitted by a jury.

(3) The court erred in failing to provide defendant with a written statement of the evidence the court relied upon for revocation.

On April 19, 1972, defendant was convicted after a plea of guilty to a charge of possession of narcotics (marihuana). The trial court suspended imposition of sentence and placed defendant on probation for five years.

Thereafter, in May and June of 1973, he allegedly again became involved with narcotics. He was subsequently indicted on five counts in connection with these dealings.

On July 11, 1974, defendant was brought before the court on an order to show cause why his probation should not be revoked for the same series of five acts. The two causes were consolidated for hearing and trial. Following a jury trial defendant was acquitted on all five counts. Thereafter on August 1, 1974, the court conducted a hearing on the order to show cause. After hearing additional testimony and arguments of counsel as to whether or not defendant's probation should be revoked on account of the subsequent acts, the court found "by a preponderance of the evidence" that defendant had violated his probation in each of the five respects and ordered his probation revoked.

In support of his first assignment defendant argues vigorously that under the rationale of *Gagnon v. Scarpelli*, 411 US 778, 93 S Ct 1756, 36 L Ed 2d 656 (1973), and *In re Winship*, 397 US 358, 90 S Ct 1068, 25 L Ed 2d 368 (1970), the court erred in applying the preponderance-of-the-evidence standard instead of the proof-beyond-a-reasonable-doubt standard in revoking his probation.

The state argues first that this question is not before us because defendant did not raise this issue in the lower court and therefore has not preserved this issue for appeal. Defendant's answer to this argument is that he had no way of knowing that the court would apply what he contends is the wrong standard until after the court had rendered its decision.

Although this threshold issue is arguable, we resolve the dispute by agreeing with defendant that

he could not reasonably be required to anticipate the court's ruling on this point, and therefore can raise the issue for the first time on this appeal.

The question before us then is this: Does due process of law require proof beyond a reasonable doubt that defendant violated the terms of his probation?

Defendant has cited us to no direct authority in support of this contention. After analysis we cannot accept defendant's argument that *Scarpelli* and *Winship* should be read as requiring that "proof beyond a reasonable doubt" is required in probation revocation proceedings.

■ Based upon principle as well as the authorities from other jurisdictions which have considered this question,[1] we hold that proof beyond a reasonable doubt is not required. The court below did not err in ruling that proof by a preponderance of the evidence is sufficient.

Defendant's second assignment is that "[t]he Court erred in revoking probation for alleged acts upon which defendant had been acquitted."

While this precise question has never been passed upon by the appellate courts of this state so far as we can determine, the courts of a number of jurisdictions have considered this question and concluded that a defendant's probation may be revoked even though he is acquitted of the charge which forms the basis of his probation revocation. *See, United*

---

[1] Shaw v. Henderson, 430 F2d 1116 (5th Cir 1970); United States v. Lauchli, 427 F2d 258 (7th Cir), *cert denied* 400 US 868 (1970); United States v. Nagelberg, 413 F2d 708 (2d Cir 1969), *cert denied* 396 US 1010 (1970); Phoenix v. State, 162 Neb 669, 77 NW2d 237 (1956); Kelly v. State, 483 SW2d 467 (Tex Cr App 1972).

*States v. Chambers,* 429 F2d 410 (3d Cir 1970); *Borges v. State,* 249 So2d 513 (Fla App 1971); *Scott v. State,* 238 Md 265, 208 A2d 575 (1965); *Flint v. Howard,* 110 RI 223, 291 A2d 625 (1972).

We have not found, nor have we been cited to, any authorities holding to the contrary.

Our Supreme Court in *Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964), gave the rule in these terms:

> "* * * It is not necessary to revocation that the person on probation be convicted of a new crime, but only that the trial judge be satisfied that the purposes of probation are not being served, or that the terms thereof have been violated. * * *"

*Accord: State v. Frye,* 2 Or App 192, 465 P2d 736 (1970); *State v. Guisinger,* 13 Or App 632, 511 P2d 416 (1973).

■ We conclude that the trial court was entitled to revoke defendant's probation notwithstanding that the jury had found defendant not guilty of the same acts.

Finally we consider defendant's third assignment, namely, that the trial court erred in failing to provide a written statement of the evidence relied upon for revocation.

It appears from the record that the court made specific findings on each of the five separate acts of drug involvement defendant was charged with. The court did not, however, go on to state in writing the evidence upon which it relied in reaching those conclusions.

The state argues that this was unnecessary by analogy to the rule applicable where a defendant in a

criminal case waives a jury and requests trial by the court. It is true as the state points out that in those circumstances the court simply finds defendant guilty or not guilty and is not required to make any written statement of the evidence it relies upon in reaching that result.

The defendant counters this argument by pointing to the statement in *Gagnon v. Scarpelli,* supra, that due process of law in revocation proceedings requires, among other steps " '* * * (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking * * *.' * * *" 411 US at 786. The above language apparently was taken from *Morrissey v. Brewer,* 408 US 471, 489, 92 S Ct 2593, 33 L Ed 2d 484 (1972).

The Attorney General in his brief distinguishes *Scarpelli* on the ground that in *Scarpelli* the probation revocation was by an administrative body rather than a court.

In *State v. Moreno,* 21 Ariz App 462, 520 P2d 1139, 1141 (1974), the identical issue raised by defendant's third assignment was presented to the Court of Appeals of Arizona. The Arizona court reached the following conclusion:

"* * * True, appellant was not given a written statement. However, *Morrissey* did not create an inflexible structure for parole revocation procedures. Accordingly, this court noted in State v. Marlar, 20 Ariz. App. 191, 511 P.2d 204 (1973):

" 'Requirements (e) and (f) [the written statement] are substantially embodied in Arizona's procedural requirements for probation revocation proceedings in that the hearing is held before a judge and a record of the proceedings is required to be made. We see no necessity

for any change in the present Arizona probation revocation procedure in these areas.' 511 P.2d at 205, note 1.

Since there was a record of the proceedings in this case, we find no error in not giving appellant a written statement."

■ After analyzing the arguments of both counsel we have come to the same conclusion in the instant case that the Arizona court reached in *Moreno,* namely, that a written statement of the evidence is not required under the circumstances here. As the United States Supreme Court was careful to point out in *Morrissey,* it was not the intention of the high court to mandate inflexible requirements for revocation proceedings. Inasmuch as there was a full record of the evidence and proceedings on which the Lane County Circuit Court based its decision to revoke probation in this case, there was no necessity to require the court to give defendant a written statement of the evidence upon which the court's action was based. Defendant was already apprised of this evidence during the trial.

We hold that the trial court did not err in not giving defendant a written statement as to the evidence.

Affirmed.