Submitted on record and briefs February 20, affirmed March 24, reconsideration denied April 30, petition for review denied May 20, 1975

# DAVID B. DEAN, *Petitioner, v.* OREGON STATE CORRECTIONAL INSTITUTION (No. 3826), *Respondent.*

533 P2d 191

Gary D. Babcock, Public Defender, Salem, for petitioner.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

This disciplinary appeal involves the same property damage episode as *Curtis v. OSCI,* 20 Or App 530, 532 P2d 798 (1975). Petitioner Dean and petitioner Curtis, both residents of the Oregon State Correctional Institution, were charged with destroying tires on a state-owned automobile at the institution.

Petitioner Dean makes two contentions:

(1) There was insufficient evidence to support the finding of willful destruction of the tires.

(2) The disciplinary committee failed to make a proper written statement of the evidence relied upon and the reasons for the disciplinary actions taken against petitioner.

Unlike petitioner Curtis, petitioner Dean makes no contention regarding the lack of authority of the disciplinary committee to require him to make restitution for one-half the value of the tires, which we dealt with in *Curtis*.

■ Petitioner's first assignment raises the same issue as we decided adversely to petitioner in *Curtis*. The evidence in the instant case is the same and leads us to the same conclusion. Having examined the record, we hold that the evidence therein was sufficient to support the finding that petitioner violated the rule charged.

In support of his second contention petitioner relies upon our decision in *Fowler v. OSCI,* 18 Or App 280, 525 P2d 191 (1974), which in turn was based upon language in *Wolff v. McDonnell,* 418 US 539, 94 S Ct 2963, 41 L Ed 2d 935, 955 (1974), that disciplinary orders must contain "a written statement of the fact-

finding as to the evidence relied upon and the reasons for the disciplinary action taken."

It now appears in retrospect that in *Fowler* we may have applied part of the above language of *Wolff* too literally in one respect, namely, in requiring a written statement of the evidence even where the appeal record upon which the disciplinary action was taken is in the form of a complete transcript of the testimony before the disciplinary committee and exhibits received and considered by the committee.

A reexamination of *Wolff* reveals that, unlike present Oregon disciplinary proceedings, under the proceedings there involved (Nebraska Penal and Correctional Complex) the evidence and testimony taken at the disciplinary hearing was not recorded. In fact it appears that there was no written record of any kind.

■ Accordingly we now conclude that where, as here, the record of the proceedings includes a transcript of the testimony given before the disciplinary committee, a written statement of the evidence is unnecessary.[1] Our previous holdings in *Fowler* and *Humphrey v. OSP,* 20 Or App 123, 530 P2d 877 (1975), which followed *Fowler* on this point, are therefore modified accordingly. We adhere, however, to the requirement stated in *Fowler* and *Wolff* that the record must contain a written statement of the reasons why the action was taken.

In the case at bar we find that the supplement to the record below filed by leave of the court on December 30, 1974, contains an adequate statement by

---

[1] For a further explanation of the rationale of this conclusion, *see,* State v. Fortier, 20 Or App 613, 533 P2d 187 (1975).

the committee of the reasons for the disciplinary action taken against petitioner and meets the requirements of *Wolff v. McDonnell* and *Fowler v. OSCI,* both supra.

Affirmed.