Argued May 22, affirmed June 16, reconsideration denied July 23, petition for review allowed September 17, 1975

IN THE MATTER OF MICHAEL O'NEILL,
ALLEGED TO BE A MENTALLY ILL PERSON.
STATE OF OREGON, *Respondent, v.*
MICHAEL O'NEILL (No. 41-314), *Appellant.*

536 P2d 552

*Leslie M. Roberts,* Portland, argued the cause and filed the brief for appellant.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Michael O'Neill (appellant) appeals from an order of the Multnomah County Circuit Court declaring him to be a mentally ill person and committing him

to the custody of the Mental Health Division. ORS 426.005 et seq. He contends that the court erred:

(1) In admitting into evidence hospital records containing statements made by the appellant while in custody and without advice of his constitutional rights;

(2) In admitting into evidence the case file in a prior commitment proceeding (1965) concerning appellant, in which appellant was not given the benefit of his constitutional right to counsel, and was not represented by counsel;

(3) In failing to make general or specific findings of fact; and

(4) In ordering appellant committed despite lack of any substantial evidence that the appellant was "mentally ill" within the meaning of the statute.

(5) Appellant further contends that the statute under which he was committed is invalid and unconstitutional because it violates the Due Process and Equal Protection requirements of the Fourteenth Amendment; and

(6) That the statute under which he was committed is unconstitutional because it violates the right to privacy.

Appellant, a 28-year-old man, who had been committed to Dammasch State Hospital on account of mental illness on several previous occasions, was taken into custody at his mother's request by officers of the Portland Police Bureau. The mother had reported that appellant was again manifesting definite symptoms of mental illness; that he would not take his prescribed medication; that he had come to her home in a state of great agitation; and that she was fearful that he would become violent toward her.

Appellant was first brought by the police officers to the Crisis Unit of the University of Oregon Medical School Hospital. He remained at this facility until the hearing was held three days later. Appellant's first assignment, which is discussed below, is based on a general objection made by counsel at the hearing to the admission into evidence of all hospital records which were made and entered by hospital personnel during this four-day stay. Some of the challenged records include handwritten summaries of statements purportedly made by appellant to hospital staff members. The statements are for the most part rambling, disconnected and often incoherent utterances, and contain evaluations of the staff members concerning the statements.

Having studied the record and examined the authorities cited by both parties, it is our conclusion that none of the contentions urged in appellant's six assignments of error can be sustained.

██ █ The trial judge did not err in admitting the hospital records concerning appellant's hospitalization and treatment at the Crisis Unit of the University of Oregon Medical School Hospital. As we have previously held on several occasions, the *Miranda* rules[1] have no application unless a person is taken into custody and questioned by law enforcement officers in connection with a possible criminal violation. *See,* McCormick, Evidence 327, § 152 (2d ed 1972).

█ Likewise we do not think that the challenged hospital records were inadmissible because of ORS 44.040(1)(d).[2] The record shows that appellant was

---

[1] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

[2] ORS 44.040(1)(d) provides:

"(1) There are particular relations in which it is the

hospitalized in the Crisis Unit for observation rather than treatment. Therefore the doctor-patient relationship did not arise. *See, Triplett v. Bd. of Social Protection,* 19 Or App 408, 528 P2d 563 (1974). *Cf., State ex rel Juv. Dept. v. Martin,* 271 Or 603, 533 P2d 780 (1975); *State ex rel Juv. Dept. v. Brown,* 19 Or App 427, 528 P2d 569 (1974), Sup Ct *review denied, cert denied* 421 US 1003 (1975). Indeed, if the rule were otherwise the orderly and informed processing of legal proceedings to determine if a person is suffering from mental illness would be seriously impaired.

■ ■ No error resulted by admitting into evidence the case file concerning a prior commitment proceeding in 1965 concerning appellant, although appellant was not represented by counsel at such proceedings. We are of the opinion that the absence of counsel in the prior commitment proceeding would not preclude the court from admitting that case file in the present proceeding.

In *State v. Collman,* 9 Or App 476, 497 P2d 1233 (1972), relied upon by appellant, we set aside an order of commitment for mental illness entered in September 14, 1971, where counsel had not been appointed to represent the allegedly mentally ill person at the commitment hearing and the right to counsel had not been effectively waived. We rested our decision on the provisions of ORS 426.100 (which was first

---

policy of the law to encourage confidence, and to preserve it inviolate; therefore a person cannot be examined as a witness in the following cases:

"* * * * *

"(d) Subject to ORS 44.610 to 44.640, a regular physician or surgeon shall not, without the consent of his patient, be examined in a civil action, suit or proceeding, as to any information acquired in attending the patient, which was necessary to enable him to prescribe or act for the patient.

"* * * * *."

enacted subsequent to appellant's commitment in 1965), and the reasoning of the United States Supreme Court in *In re Gault*, 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527 (1967). *Gault* held that there is a federal constitutional right to counsel in civil proceedings which may result in involuntary incarceration or deprivation of liberty.

The United States Supreme Court has not, so far as we can determine, held that *Gault* is to be applied retroactively. We decline to apply *Gault* retroactively to appellant's prior commitment proceedings so as to bar their consideration by the trial court in the instant proceeding.

■ ■ ORS 17.431 requires the court to make special findings only when a party demands the same prior to the commencement of the trial. Appellant did not do so here. Moreover, we believe that the court's findings satisfy both statutory and constitutional standards. ORS 426.005(2)(a), (b); *State v. Fortier*, 20 Or App 613, 618-19, 533 P2d 187, Sup Ct *review denied* (1975). *See also, State ex rel Juv. Dept. v. Slack*, 17 Or App 57, 520 P2d 905, Sup Ct *review denied* (1974).

■ ■ After reviewing the evidence we agree with the trial court that the evidence establishes that appellant was mentally ill, that he was a danger to himself and others, and that he was unable to provide for his basic needs.

At the commitment hearing appellant's answers to the questions put to him by the two examiners (a psychiatrist and a psychologist) were rambling, contradictory, sometimes nonresponsive and incoherent. He acknowledged that he was not taking the medicine that had been prescribed during his previous visits to the mental hospital. Neither appellant's mother nor his female living companion was able to care for him. Appellant was unable to function in the community and "provide for his own basic needs."

The psychologist and psychiatrist who examined appellant at the commitment hearing concluded that appellant was mentally ill and should be committed to Dammasch State Hospital for treatment.

■ ■ ■ ■ Appellant did not challenge the constitutionality of the Oregon mental commitment statute below. He cannot do so for the first time on appeal. *State v. Gardner,* 16 Or App 464, 518 P2d 1341, Sup Ct *review denied, cert denied* 419 US 998 (1974).

Affirmed.