Argued March 22, affirmed April 26, reconsideration denied June 9, petition for review denied June 22, 1976

ROBERT SANDERSFELD, *Petitioner,*

*v.*

OREGON STATE BOARD OF PAROLE, *Respondent.*

(CA 5372)

548 P2d 1333

*Paul J. De Muniz,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

This is a petition for judicial review of an order of the State Board of Parole (Board) revoking petitioner's parole. Petitioner alleges that the Board's written decision does not meet the requirements of ORS 144.343(7) interpreted in accordance with the due process requirements announced in *Morrissey v. Brewer,* 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972).

Petitioner was paroled from the Oregon State Penitentiary in January of 1974. In the summer of 1975 his parole officer learned that petitioner had been charged with (1) first degree theft and (2) custodial interference arising out of his aiding his ex-wife in keeping their child from being taken into custody by the Children's Services Division.

A hearing was held in August of 1975 to determine the truth of these charges. The hearings officer found that the charges were true but did not recommend that petitioner's parole be revoked.

The Board rejected the proposed order of the hearings officer and revoked petitioner's parole. Its order states:

"This matter came before the Oregon State Board of Parole at its regularly scheduled business meeting on Tuesday, September 2, 1975; and the Board, having considered certain reports, documents, Proposed Findings submitted by Hearings Officer William S. McDonald on 8.26.75, and being fully advised in the premises, makes the following

"FINDINGS AND CONCLUSIONS:

"1. Parolee is in violation of Standard Condition #8 and Standard Condition #9 of his Order of Parole without justification or mitigation.

"2. The above violations indicate that parolee is no longer amenable to parole supervision under ORS 144.345(1) and (2)[1].

---

[1] ORS 144.345 provides:

"Whenever the State Board of Parole considers an alleged parole violator and finds such person has violated one or more conditions of

"Based upon the foregoing findings of fact and conclusion, the Oregon State Board of Parole makes the following

"ORDER:

"The Order of Parole issued by the Board on December 19, 1973 with a release date of January 18, 1974 is hereby revoked."

Petitioner contends that the above order violates the due process standards of *Morrissey* because the Board did not "* * * 'state the reasons for * * * [its] determination and indicate the evidence * * * [it] relied on * * *.' " *Morrissey v. Brewer, supra,* 408 US at 487, quoting *Goldberg v. Kelly,* 397 US 254, 271, 90 S Ct 1011, 25 L Ed 2d 287 (1970).

ORS 144.343(7) sets out the statutory duty of the Board in this respect:

"* * * After consideration of the record, recommendations, exceptions and arguments a quorum of the board shall enter a final order including findings of fact, its decision and reasons for the decision."

*State v. Fortier,* 20 Or App 613, 533 P2d 187, Sup Ct *review denied* (1975), involved a similar challenge to an order of the circuit court revoking a defendant's probation. There we held that a written statement restating the evidence relied upon is unnecessary when a full written record of the evidence and proceedings before the circuit court is made. Where as here there is a full written record of the proceedings before the Board's hearings officer, and the Board's order recites that the same was duly considered by the Board, a written statement restating the evidence

---

parole and the evidence offered in mitigation does not excuse or justify the violation, the board may revoke parole and defer or deny further consideration for parole when it finds:

"(1) There is a reasonable probability the parole violator will not, if reinstated, remain outside of the institution without violating the law and that his release is incompatible with the welfare of society;

"(2) There is substantial risk that he will not conform to the conditions of parole;

"* * * * *."

relied upon by the Board in revoking petitioner's parole is likewise unnecessary.[2]

The order of the Board implicitly adopted the findings of the hearings officer. We are of the opinion that this was sufficient. The hearings officer found that petitioner had committed the theft and from the statement in the Board's order that petitioner was in "violation of Standard Condition #8" (committing a crime), it is obvious that the Board was intending to adopt that finding of the hearings officer.

■ The Board decided to attach more significance to petitioner's commission of theft than did the hearings officer, but making such judgments is its responsibility. The Board can disagree with the hearings officer as to what conclusions and decisions are called for by the evidence, but when it does so it must state the reasons for its decision. In its order in this case the Board stated that petitioner's parole should be revoked because it was of the opinion that petitioner might commit another crime in the future. ORS 144.345(1). This is not an unreasonable inference from the fact that petitioner recently committed theft, and is an adequate statement of the Board's reasoning in deciding to revoke petitioner's parole.

Affirmed.

---

[2]To the same effect, *see, Dean v. OSCI,* 20 Or App 620, 533 P2d 191, Sup Ct *review denied* (1975), which involved disciplinary proceedings in state correctional institutions.