**Lonny MORISHITA,
Petitioner-Appellant,**

v.

**Lawrence MORRIS, Warden of the Utah State Prison, and the Attorney General of the State of Utah, Respondents-Appellees.**

**No. 81–2463.**

United States Court of Appeals,
Tenth Circuit.

March 9, 1983.

Douglas E. Wahlquist, Salt Lake City, Utah, for petitioner-appellant.

David L. Wilkinson, Atty. Gen., and Earl F. Dorius, Asst. Atty. Gen., the State of Utah, Salt Lake City, Utah, for respondents-appellees.

Before SETH, Chief Judge, and McKAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

The petitioner appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. In 1978 the petitioner pleaded guilty in Utah state court to a charge of aggravated robbery. The presiding judge sentenced the petitioner to five years to life imprisonment, but stayed execution of the sentence and placed the petitioner on probation. One of the conditions of his probation was that the petitioner not have any weapons in his possession. In 1979 the petitioner was arrested for obscene conduct. The arresting officers found a gun in the police car in which the petitioner had been taken, handcuffed, to the police station. As a result, the petitioner was also charged with possession of a firearm. Because of the weapons charge, a probation revocation hearing was held and the judge ordered the petitioner to serve the original sentence. The judge made no written findings of fact or conclusions of law. No direct appeal was taken from the probation revocation. The petitioner was subsequently found not guilty of the weapons charge by a jury.

The petitioner sought a writ of habeas corpus in state court alleging that the failure of the judge to make written findings of fact and conclusions of law denied him due process of law under *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The court dismissed the petition. The Utah Supreme Court affirmed the dismissal in a three-two decision. *Morishita v. Morris,* 621 P.2d 691 (Utah 1980).

The petitioner then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the federal district court presenting the same argument advanced in the state court. The district court dismissed the petition, concluding that the petitioner's failure to take a direct appeal from the probation revocation order constituted a state procedural bypass and that the petitioner did not meet the prejudice prong of the cause and prejudice test enunciated in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).[1]

█ The bars to habeas corpus relief enunciated in *Wainwright v. Sykes* and *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), apply only when the constitutional claims raised by the petitioner were not resolved on the merits by the state court because of the petitioner's failure to comply with a state procedural rule. 433 U.S. at 87, 97 S.Ct. at 2506; 372 U.S. at 439, 83 S.Ct. 849. Under *Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), the court must inquire not only if there is a state procedural bar, but whether the state itself applied the bar. *Runnels v. Hess,* 653 F.2d 1359, 1363 (10th Cir.1981); *Bromley v. Crisp,* 561 F.2d 1351, 1360 (10th Cir.1977), *cert. denied,* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 499 (1978).

█ The respondents contend that the Utah Supreme Court, although discussing the merits in a footnote, dismissed the petitioner's petition on a procedural default. We disagree. The court stated:

> "A writ of habeas corpus is not an available remedy on the facts alleged in the petition. The appropriate procedure was for plaintiff to appeal the probation revocation order. A habeas corpus proceeding is not intended as a substitute for an appeal, *Gentry v. Smith,* Utah, 600 P.2d 1007 (1979), and will not lie in the absence of a claim of fundamental unfairness in the trial or a substantial and

prejudicial denial of a person's constitutional rights. See *Chess v. Smith,* Utah, 617 P.2d 341 (1980); *Rammell v. Smith,* Utah, 560 P.2d 1108 (1977); *Johnson v. Turner,* 24 Utah 2d 439, 473 P.2d 901 (1970); *Brown v. Turner,* 21 Utah 2d 96, 440 P.2d 968 (1968). Plaintiff's claim that it was error not to enter findings of fact and conclusions of law does not rise to that level, especially in view of the fact that a transcript of the proceedings was made."

*Morishita v. Morris,* 621 P.2d at 692–93 (footnote omitted). The Utah Supreme Court's opinion makes clear that, although there may have been a procedural default, the issue of fundamental fairness was considered. The court's conclusion that the failure to enter findings of facts and conclusions of law was not fundamentally unfair or a denial of substantial constitutional rights constituted a decision on the merits. Because the state court resolved the petitioner's contention on the merits, the issue is properly before us now.

█ The petitioner's sole contention is that he was denied due process of law in the revocation of his probation because the state trial court did not make written findings. He argues that such written findings are required under *Gagnon v. Scarpelli. Gagnon,* however, set forth the requirement of written findings in the context of an administrative hearing and did not directly deal with judicial probation and judicial revocation. Here the probation hearing was a judicial hearing in a court of record in which a transcript of the proceeding was made. The failure of the state judge to make written findings of fact and conclusions of law does not alone render the revocation hearing fundamentally unfair. *See United States v. Rilliet,* 595 F.2d 1138, 1140 (9th Cir.1979); *State v. Moreno,* 21 Ariz. App. 462, 520 P.2d 1139, 1141 (Ariz.App. 1974); *State v. Fortier,* 20 Or.App. 613, 533 P.2d 187, 190 (Or.App.1975); *State v.*

---

1. We note that the petitioner failed to take any direct appeal of the state revocation order, hence placing him in the same position as the petitioner in *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Because of our disposition of the case, we need not here decide whether *Fay v. Noia* remains viable after *Wainwright v. Sykes* and *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

*Myers,* 86 Wash.2d 419, 545 P.2d 538, 544 (Wash.1976). *But see United States v. Lacey,* 648 F.2d 441, 445 (5th Cir.1981) (due process requires a written statement of evidence relied on and reasons for revocation in parole revocation hearing before judge). We hold that written findings are constitutionally required only if the transcript and record before the judge do not enable a reviewing court to determine the basis of the judge's decision to revoke probation. In the instant case apparently only one ground was alleged for revocation—the petitioner's possession of a firearm. Even though he was later acquitted of a similar criminal charge, that does not require setting aside the judge's revocation order, since the standard of proof required for probation revocation is only a preponderance of the evidence rather than proof beyond a reasonable doubt. The petitioner makes no factual allegations based upon the record of the probation revocation hearing. Since we will not hold that written findings are required in all instances no remand is necessary.

AFFIRMED.