UNITED STATES of America, Appellee,

v.

John D. SMITH, Jr., Appellant.

No. 84–5153.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1985.

Decided July 19, 1985.

Daniel M. Scott, appointed, Fed. Pub. Def., Minneapolis, Minn., for appellant.

Janice M. Symchych, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before BRIGHT, ROSS, and JOHN R. GIBSON, Circuit Judges.

ROSS, Circuit Judge.

John Smith appeals from the district court's judgment revoking his probation. He argues that the court failed to make a written statement of the reasons for revoking probation and of the evidence relied upon in making the revocation decision, as required by the due process clause. We agree and remand for further proceedings.

## FACTS

John Smith is a member of the Red Lake Indian Tribe. On March 7, 1983, he was convicted of assaulting another tribe member on the reservation, in violation of 18 U.S.C. § 1153, and of vandalizing a Bureau of Indian Affairs police van, in violation of 18 U.S.C. § 1361. The district court judge sentenced him to one year of imprisonment on the assault charge, followed by three years of probation on the vandalism charge. The conditions of probation required Smith to abide by all laws.

On August 17, 1984, the same judge who had sentenced Smith held a hearing on alleged probation violations by Smith. Testimony at the hearing disclosed that on April 29, 1984, Smith was caught on the reservation with two six packs of beer in his car, in violation of a reservation law prohibiting the possession of alcohol on the reservation, and with small amounts of marijuana in his car and in his pant's pocket. The illicit material was discovered when the reservation police stopped Smith's car in order to arrest his passenger, Melford Burke. The testimony also disclosed that Smith had grabbed the arm and pulled the hair of his former wife at a high school in Bemidji, Minnesota, on April 18, 1984. A criminal assault charge stemming from this incident was subsequently filed.

Smith's attorney opposed revocation of Smith's probation on two grounds. First, he argued that the search of his car on April 29, 1984, was an unconstitutional search and seizure and that, accordingly, the material seized could not be considered in determining whether to revoke his probation. Second, he argued that the evidence relating to his confrontation with his former wife did not establish that Smith had committed a criminal assault.

At the end of the hearing, the judge orally revoked Smith's probation, stating "I revoke the probation. I'm ready to impose sentence." He then sentenced Smith to three years of imprisonment. On the same day, the judge filed a judgment and commitment order which merely stated: "The Court finds that defendant has violated his probation * * *."

Smith now argues that the absence of a written statement from the court of the reasons for revoking his probation and of the evidence relied upon by the court in making the revocation decision violated his due process rights and that a remand for the purpose of obtaining such a written statement is necessary in order to review the court's revocation decision. Smith also continues to argue that the material seized from his car cannot be considered in revoking his probation, despite the government's contention that the exclusionary rule is not applicable in probation revocation proceedings. *See United States v. Bazzano,* 712 F.2d 826, 829 (3d Cir.1983) *(en banc), cert. denied,* —— U.S. ——, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984); *Schneider v. Housewright,* 668 F.2d 366, 367–68 n. 4 (8th Cir. 1981); *United States v. Frederickson,* 581 F.2d 711, 713–14 (8th Cir.1978) (and cases cited therein). *But see United States v. Workman,* 585 F.2d 1205, 1209–11 (4th Cir. 1978). Due to our decision to remand, we need express no view on this latter argument at this time. It may be necessary, however, to express a view on the issue on appeal from the holding on remand.

## DISCUSSION

In *Black v. Romano,* —— U.S. ——, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985), the Supreme Court discussed the procedural protections required in probation revocation proceedings stating:

*Gagnon [v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)] concluded that the procedures outlined in *Morrissey [v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)] for parole revocation should also apply to probation proceedings. 411 U.S., at 782 [93 S.Ct., at 1759]. Thus the final revocation of probation must be preceded by a hearing, although the factfinding body need not be composed of judges or lawyers. *The probationer is entitled to* written notice of the claimed violations of his probation; disclosure of the evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; a neutral hearing body; and *a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. Id.,* at 786 [93 S.Ct., at 1761]. The probationer is also entitled to cross-examine adverse witnesses, unless the hearing body specifically finds good cause for not allowing confrontation. Finally, the probationer has a right to the assistance of counsel in some circumstances. *Id.,* at 790 [93 S.Ct., at 1763].

*Id.* at ——, 105 S.Ct. at 2258 (emphasis added). The Court stated the rationale for the written statement requirement as follows: "The written statement required by *Gagnon* and *Morrissey* helps to insure accurate factfinding with respect to any alleged violation and provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence." *Id.* at ——, 105 S.Ct. at 2259. The Court held, however, that "the specified procedures do *not* include an express statement by the factfinder that alternatives to incarceration were considered and rejected," *id.* at ——, 105 S.Ct. at 2258 (emphasis added), and that an express statement rejecting incarceration alternatives would not be added to the list of required procedural protections, since "a general requirement that the factfinder elaborate upon the reasons for a course not taken would unduly burden the revocation proceeding without significantly advancing

the interests of the probationer." *Id.* at ——, 105 S.Ct. at 2259.

The government contends that the written statement requirement is not applicable here because the revocation proceeding was before a court of record and a transcript of the revocation hearing was made. This argument is founded on the decision in *Morishita v. Morris,* 702 F.2d 207 (10th Cir.1983), wherein the court stated:

The petitioner's sole contention is that he was denied due process of law in the revocation of his probation because the state trial court did not make written findings. He argues that such written findings are required under *Gagnon v. Scarpelli. Gagnon,* however, set forth the requirement of written findings in the context of an administrative hearing and did not directly deal with judicial probation and judicial revocation. Here the probation hearing was a judicial hearing in a court of record in which a transcript of the proceeding was made. The failure of the state judge to make written findings of fact and conclusions of law does not alone render the revocation hearing fundamentally unfair. *See United States v. Rilliet,* 595 F.2d 1138, 1140 (9th Cir.1979); *State v. Moreno,* 21 Ariz. App. 462, 520 P.2d 1139, 1141 (Ariz.App. 1974); *State v. Fortier,* 20 Or.App. 613, 533 P.2d 187, 190 (Or.App.1975); *State v. Myers,* 86 Wash.2d 419, 545 P.2d 538, 544 (Wash.1976). *But see United States v. Lacey,* 648 F.2d 441, 445 (5th Cir.1981) (due process requires a written statement of evidence relied on and reasons for revocation in parole revocation hearing before judge). *We hold that written findings are constitutionally required only if the transcript and record before the judge do not enable a reviewing court to determine the basis of the judge's decision to revoke probation.* In the instant case apparently only one ground was alleged for revocation—the petitioner's possession of a firearm. Even though he was later acquitted of a similar criminal charge, that does not require setting aside the judge's revocation order, since the standard of proof

required for probation revocation is only a preponderance of the evidence rather than proof beyond a reasonable doubt. The petitioner makes no factual allegations based upon the record of the probation revocation hearing. Since we will not hold that written findings are required in all instances no remand is necessary.

*Id.* at 209–10 (emphasis added).

 We cannot apply the *Morishita* holding to this case, for two reasons. First, *Romano* itself involved a revocation proceeding before a court of record, and a transcript of the revocation hearing had been made. Yet, in this context, the Supreme Court reaffirmed the written statement requirement of *Gagnon* and *Morrissey*. Further, the Court did not rely on the fact that the revoking factfinder was a court of record, or the fact that a transcript of the revocation proceeding had been made, as a basis for its holding that due process did not require an express statement by the factfinder rejecting incarceration alternatives. Thus, in our opinion, the *Morishita* holding is not consistent with *Romano*.[1]

Second, even if the holding in *Morishita* were good law, it would not be applicable on the facts of this case. Here, the government alleged two grounds for revocation of Smith's probation—unlawful possession of marijuana and criminal assault. Smith challenged both grounds for revocation on grounds which were not entirely insubstantial. Thus, the district court may have based its revocation decision on only one of the government's two grounds. Since this court is unable to determine the basis of the district court's decision to revoke probation, the *Morishita* holding does not apply.

 Accordingly, we remand to the district court for further proceedings consistent with this opinion. The district court may determine on its own whether it can make the requisite written statement on the basis of the evidence previously heard or whether a supplementary revocation hearing is required. The district court is also not foreclosed from reconsidering its previous revocation and sentencing rulings. Smith may appeal from the ultimate action of the district court by filing a certified copy of the district court's written statement, plus any supplementary briefs and materials, without the necessity of filing a new notice of appeal. *See United States v. Lacey,* 648 F.2d 441, 445 (5th Cir.), *on remand,* 661 F.2d 1021 (5th Cir.1981), *cert. denied,* 456 U.S. 961, 102 S.Ct. 2036, 72 L.Ed.2d 484 (1982).

---

1. It should be noted that the Supreme Court decided *Romano* subsequent to the date the trial court made its revocation decision in this case.