943 F.2d 58
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Daniel ZEPEDA, Petitioner-Appellant,
v.
Donald DORSEY, Respondent,
and
Attorney General of the State of New Mexico, Respondent-Appellee.
 No. 90-2045.
 United States Court of Appeals, Tenth Circuit.
 Sept. 5, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. We grant petitioner's request for a certificate of probable cause and deny petitioner's request for oral argument.
 
 
 2
 Petitioner Daniel Zepeda, a New Mexico state prisoner, appeals the decision of the district court dismissing, with prejudice, his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.
 
 
 3
 Following a jury trial in 1984, petitioner was convicted of first degree murder, in violation of N.M.Stat.Ann. § 30-2-1, and sentenced to life imprisonment. On direct appeal to the New Mexico Supreme Court, petitioner argued that it was error for the trial court: (1) to permit the mother of the murder victim to testify as to statements her son made to her before his disappearance; (2) to allow a polygrapher to testify as to the conclusions reached by another polygrapher regarding petitioner's truthfulness; and (3) to exclude evidence that both of the state's key witnesses had inconclusive polygraph results regarding their versions of the crime. Petitioner also argued that the evidence presented at trial was insufficient to support a conclusion of premeditation. The state appellate court reached the merits on all of petitioner's claims and subsequently denied his appeal.[1]
 
 
 4
 In 1987, petitioner filed a habeas corpus petition with the United States District Court for the District of New Mexico. A magistrate judge, in his proposed findings and recommended disposition, concluded that petitioner had exhausted his state remedies as required by 28 U.S.C. § 2254(b), but that he had failed to present his first three claims to the state appellate court in a federal context and thus had procedurally defaulted on those claims. The magistrate judge further concluded petitioner's fourth claim was without merit and recommended that all of petitioner's claims be dismissed with prejudice. The district court, after a de novo review, made additional findings, adopted the magistrate judge's proposed findings and recommended disposition, and dismissed the petition. I R. tab 33.
 
 
 5
 To determine whether federal habeas corpus relief is unavailable because of state procedural bar, the court "must inquire not only if there is a state procedural bar, but whether the state itself applied the bar." Morishita v. Morris, 702 F.2d 207, 209 (10th Cir.1983). A federal claimant is denied habeas review only if the last state court rendering judgment in the case based its judgment on procedural default. Harris v. Reed, 489 U.S. 255, 262 (1989).
 
 
 6
 After examining the state court proceedings in this case, we conclude that petitioner's failure to frame three of the issues in a federal context at the state level constitutes nonexhaustion of state remedies rather than procedural default as the district court held. See Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir.), cert. denied, 490 U.S. 1112 (1989). The record indicates that the state appellate court, when considering petitioner's claims, denied petitioner's appeal on the merits, not procedural bar. See Shafer v. Stratton, 906 F.2d 506, 509 (10th Cir.) (procedural default does not exist unless last state court rendering judgment clearly and expressly states that its decision rests on procedural bar), cert. denied, 111 S.Ct. 393 (1990). Hence, relative to this court's jurisdiction to review petitioner's appeal, we address the issue as a failure to exhaust state remedies. The respondent raised the exhaustion issue in the district court in its answer and a memorandum brief. Although it defends the district court's dismissal on the basis decided by that court, we do not consider the exhaustion issue to have been abandoned on appeal.
 
 
 7
 When a petition for a writ of habeas corpus is filed in federal court that is a "mixed petition" containing at least one claim that has not been exhausted in state court, Rose v. Lundy, 455 U.S. 509 (1982), requires the federal court to dismiss the petition. This leaves "the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Id. at 510. In exercising his choice petitioner is reminded that "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." Id. at 521.
 
 
 8
 We REMAND to the district court with the direction that it put petitioner to the choice set forth in Rose.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 State v. Zepeda, No. 15,610 slip op. (N.M. Nov. 14, 1985)