72 F.3d 139
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur Mathew Brogden GILBERT, Defendant-Appellant.
 No. 95-8022.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant Arthur Mathew Brogden Gilbert appeals the district court's revocation of his term of supervised release. Defendant contends the district court's revocation proceeding deprived him of procedural due process. Specifically, Defendant argues the district court improperly: (1) limited Defendant's right to present evidence in his own defense, and (2) failed to submit a written statement as to the evidence relied on, and the reasons for revoking Defendant's supervised release. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 I.
 
 2
 On March 4, 1994, Defendant pled guilty to falsely assuming and pretending to be a Deputy United States Marshal with intent to defraud, 18 U.S.C. 912. On May 16, 1994, the district court sentenced Defendant to fourteen months imprisonment and one year of supervised release. Defendant's term of supervised release commenced on January 14, 1995.
 
 
 3
 On March 8, 1995, and by supplemental motion on March 27, 1995, the government moved to revoke Defendant's term of supervised release. The government alleged Defendant committed seven separate violations of the conditions of supervised release. Specifically, the government alleged Defendant: (1) failed to report known employment and income; (2) fraudulently represented to employees and prospective customers that he would provide services he was unable to provide; (3) failed to report to his probation officer that he was questioned by a police officer; (4) traveled outside the District of Wyoming without the permission of his probation officer; (5) falsely reported to his probation officer that he was employed by a telephone answering service; (6) associated with a known convicted felon; and (7) committed a felony offense by submitting credit applications with social security numbers that Defendant knew belonged to someone else.
 
 
 4
 The district court held a revocation hearing on March 28, 1995. The government presented the direct testimony of Defendant's supervising probation officer, Joseph P. Doyle. Probation Officer Doyle testified regarding the facts underlying Defendant's alleged violation of the conditions of supervised release. Defendant's attorney cross-examined Probation Officer Doyle.
 
 
 5
 Defendant then offered his own direct testimony, and the government cross-examined him. When Defendant's attorney began redirect, the following colloquy occurred:
 
 REDIRECT EXAMINATION
 
 6
 Q. (BY MS. FLOT) Mr. Gilbert, we have heard all these horrible things about you, and I assume that since you have been out you have done some good. Could you tell the Court about the fund raising that you did for the baby Jason?
 
 
 7
 A. I--
 
 
 8
 THE COURT: Counsel, I think we better stick to the facts. We are short of time, this was supposed to be a 15-minute hearing, and it has now developed into an hour hearing.
 
 
 9
 MS. FLOT: I understand. Thank you, Your Honor.
 
 
 10
 THE COURT: I have got a jury waiting.
 
 
 11
 MS. FLOT: No further questions then, Your Honor. Thank you.
 
 
 12
 THE COURT: All right. Thank you, Mr. Gilbert. You may step down.
 
 
 13
 THE DEFENDANT: Thank you, sir. (Witness excused.)
 
 
 14
 THE COURT: Do you have any further witnesses?
 
 
 15
 MS. FLOT: I do not, Your Honor.
 
 
 16
 THE COURT: Very well. The matter is closed. I will be glad to hear your arguments, very briefly.
 
 
 17
 Aplee. Supp.App. at 74-75 (emphasis added). Following closing arguments, the district court concluded that Defendant had committed the seven separate supervised release violations alleged by the government. During its oral ruling, the district court identified the specific evidence supporting its conclusion on each violation. Aplee. Supp.App. at 77-79. Further, the district court concluded that Defendant committed a new felony when he submitted credit applications with social security numbers that Defendant knew were not his own. The district court revoked Defendant's term of supervised release, sentenced Defendant to a twenty-one month term of imprisonment, and imposed a subsequent one year term of supervised release. This appeal followed.
 
 II.
 
 18
 On appeal, Defendant contends that the district court violated his right to procedural due process in the revocation proceeding. Specifically, Defendant argues the district court: (1) limited Defendant's presentation of evidence in his own defense, and (2) failed to submit a written statement as to the evidence relied on and the reasons for revoking Defendant's supervised release. We review the revocation of a term of supervised release for an abuse of discretion. United States v. Rockwell, 984 F.2d 1112, 1114 (10th Cir.), cert. denied, 113 S.Ct. 2945 (1993). However, we review legal questions de novo. Id.
 
 A.
 
 19
 Defendant first contends the district court abused its discretion and violated his right to procedural due process at the revocation hearing. Specifically, Defendant argues that the district court prevented him from presenting his prepared defense when it indicated that Defendant's counsel should move on from the "baby Jason" line of questioning during Defendant's redirect. Defendant asserts, "[b]ased on the lower court's clear indication that it wanted the hearing to end, Appellant did not proceed with redirect of Appellant, did not call additional witnesses, and rested his case." Aplt. Br. at 7.
 
 
 20
 We reject Defendant's contention that the district court prevented him from presenting his prepared defense. Contrary to Defendant's assertion, the district court did not order Defendant's counsel to stop the redirect examination. Instead, the district court asked Defendant's counsel to "stick to the facts" when she began the "baby Jason" inquiry on redirect. The district court's request to "stick to the facts" does not, as Defendant suggests, amount to a "clear directive from the court" that Defendant's counsel had to cease redirect.
 
 
 21
 Further, the district court did not prevent Defendant from calling additional witnesses. The district court asked Defendant's counsel "Do you have any further witnesses?" Defendant's counsel responded, "I do not, Your Honor." Aplee. Supp.App. at 75. The record therefore demonstrates that Defendant's counsel informed the court that it did not wish to call additional witnesses. Finally, we note that Defendant cross-examined the government's witness, offered direct testimony, and made a closing argument to the district court. In sum, Defendant had an adequate opportunity to present his prepared defense. Based on the circumstances of this case, we hold the district court did not abuse its discretion by requesting Defendant's counsel to "stick to the facts" during Defendant's redirect.
 
 B.
 
 22
 Next, Defendant contends the district court violated his right to procedural due process by failing to submit a written statement as to the evidence relied on and the reasons for revoking Defendant's supervised release. The protections of the Due Process Clause of the Fifth Amendment extend to supervised release revocation hearings. United States v. Copeland, 20 F.3d 412, 414 (11th Cir.1994); United States v. Copley, 978 F.2d 829, 831 (4th Cir.1992); cf. Morrissey v. Brewer, 408 U.S. 471, 480-82 (1972) (parole revocation). A written statement is a requirement of procedural due process in ordinary probation revocation hearings, Morrissey, 408 U.S. at 489, which "[l]ogic ... extend[s] ... to hearings to revoke supervised release." Copley, 978 F.2d at 831. "The written statement requirement serves both to provide a basis for review and to encourage accuracy in factfinding." United States v. Kindred, 918 F.2d 485, 488 (5th Cir.1990) (citing Black v. Romano, 471 U.S. 606, 613-14 (1985)). "In our view, however, ... a transcribed oral finding can serve as a 'written statement' for due process purposes when the transcript and record compiled before the trial judge enable the reviewing court to determine the basis of the trial court's decision." Copley, 978 F.2d at 831; accord Morishita v. Morris, 702 F.2d 207, 210 (10th Cir.1983) ("We hold that written findings are constitutionally required only if the transcript and record before the judge do not enable a reviewing court to determine the basis of the judge's decision to revoke probation.").
 
 
 23
 In the instant case, the district court determined that Defendant committed the seven separate supervised release violations alleged by the government. The district court's order revoking Defendant's supervised release does not identify the evidence supporting its decision. The transcript of the revocation hearing, however, reflects that the district court identified the specific evidence and reasons underlying its conclusion on each violation. See Aplee. Supp.App. at 77-79. Indeed, Defendant does not contend that the district court failed to specify the bases for its decision at the revocation hearing.
 
 
 24
 We hold the transcript of the revocation hearing and the record before us adequately demonstrate the bases of the district court's revocation of Defendant's term of supervised release. See Copley, 978 F.2d at 831-32; Morishita, 702 F.2d at 209-10. Consequently, we reject Defendant's argument that the district court deprived him of his right to procedural due process by failing to present him with a written statement of the evidence relied on and the reasons underlying its revocation of Defendant's term of supervised release.
 
 
 25
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument