**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leslie R. BARTH, Defendant–Appellant.**

**No. 828, Docket 89–1534.**

United States Court of Appeals, Second Circuit.

Argued Feb. 27, 1990.

Decided March 27, 1990.

Herald Price Fahringer, New York City (Lipsitz, Green, Fahringer, Roll, Schuller & James, Diarmuid White, of counsel), for defendant-appellant.

Calvin B. Kurimai, Bridgeport, Conn., Asst. U.S. Atty., D. Conn. (Stanley A. Twardy, Jr., U.S. Atty., D. Conn., of counsel), for plaintiff-appellee.

Before OAKES, Chief Judge, and FEINBERG and WALKER, Circuit Judges.

FEINBERG, Circuit Judge:

Defendant Leslie R. Barth appeals from an order of the United States District Court for the District of Connecticut, T.F. Gilroy Daly, J., revoking appellant's probation, and sentencing appellant to one year in jail. Judge Daly found that appellant had knowingly and willfully violated a condition of his probation, by traveling to Eu-

rope in April 1989. We affirm in part and remand in part.

## Background

In 1986, appellant pled guilty to a one-count information, charging willful failure to file a tax return in violation of 26 U.S.C. § 7203. Judge Daly sentenced appellant to four years of probation and a $10,000 fine; in addition, as special conditions of probation, the judge required appellant to file lawful tax returns and to perform 1000 hours of community service.

In July 1989, the Probation Department filed a Petition for Probation Action with the district court. The Probation Department alleged that appellant had misstated his income on a number of tax returns. It thus charged appellant with violating Standard Condition One of his probation, which required appellant not to break any laws, as well as one of the two special conditions of probation referred to above.

A hearing was held before Judge Daly in August 1989. By the time of the hearing, the probation officer had learned that appellant had also traveled outside of the United States in apparent violation of Standard Condition Four of his probation, which provided that a probationer "shall not leave the judicial district without permission of the probation officer." At the conclusion of the hearing, the judge found that there was probable cause to hold appellant, and remanded him to the custody of the United States Marshal pending a bail hearing. That hearing was subsequently held before Judge Eginton, who found that there was clear and convincing evidence that appellant would not flee; the judge released appellant on $100,000 bail.

In September 1989, Judge Daly held a further hearing on appellant's probation violation. The focus of the hearing was not appellant's alleged failure to file lawful tax returns, but only the travel abroad.[1] At the close of the hearing, Judge Daly concluded that appellant had violated his pro-

---

1. The district court dismissed the allegations of probation violation relating to appellant's tax returns.

bation, finding by a preponderance of the evidence that by traveling to Europe in April 1989 appellant had knowingly and willfully violated Standard Condition Four of his probation. As evidence of willfulness and intent, the judge pointed to additional overseas trips that appellant had made, as well as appellant's prior failure to turn over his passport when ordered to by the judge. The judge also noted appellant's "somewhat cavalier attitude," finding that "in most material respects ... [appellant's] evidence is not credible."

In October 1989, Judge Daly held a sentencing hearing. At the conclusion of this hearing, the judge revoked appellant's probation, and sentenced appellant to one year in jail. The judge also denied appellant's motion for bail pending appeal, and this appeal followed. Thereafter, a panel of this court granted bail pending appeal.

### Discussion

Appellant attacks the revocation of his probation on three grounds. First, he argues that his due process rights under *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and its progeny, see, e.g., *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Black v. Romano,* 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985), were violated because Judge Daly failed to give specific written reasons for revoking his probation, and failed to consider whether appellant's violation was sufficiently serious to warrant revocation of probation. Second, appellant asserts that there was insufficient evidence in the record to support the revocation of probation, which was based on a single blameless incident. And third, appellant contends that he has been denied due process because he never received written notice of the specific condition of his probation—i.e., no travel outside the United States—whose violation led to his probation revocation.

■ With regard to the first prong of appellant's due process argument, under *Morrissey* and *Gagnon* due process entitles a probationer, among other things, to "a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation." *Black,* 471 U.S. at 612, 105 S.Ct. at 2258 (citing *Gagnon,* 411 U.S. at 786, 93 S.Ct. at 1761); see also *Morrissey,* 408 U.S. at 489, 92 S.Ct. at 2604. After the revocation and sentencing hearings, Judge Daly announced his findings in open court, which included the evidence he relied upon and the reasons for the revocation of probation, and they were ultimately included in the written transcript. Thus, appellant's claim that his due process rights were violated because Judge Daly failed to give specific written reasons for revoking his probation boils down to the question whether transcribed oral findings can satisfy the "written statement" requirement of *Morrissey.*

We can find no opinion of our Court deciding this issue. Appellee urges us to follow the Seventh and Tenth Circuits in holding that transcribed oral findings can indeed satisfy the written statement requirement of *Morrissey,* citing *United States v. Yancey,* 827 F.2d 83, 88–89 (7th Cir.1987), cert. denied, 485 U.S. 967, 108 S.Ct. 1239, 99 L.Ed.2d 437 (1988), and *Morishita v. Morris,* 702 F.2d 207, 209–10 (10th Cir.1983). Appellee acknowledges, however, that there are two circuit court decisions pointing the other way. See *United States v. Smith,* 767 F.2d 521, 524 (8th Cir.1985); *United States v. Lacey,* 648 F.2d 441, 445 (5th Cir. Unit A 1981). In both, it should be noted that the statements of the district judge in open court, which were ultimately transcribed, were not sufficient to allow meaningful review.

We see no reason why transcribed oral findings cannot satisfy the written statement requirement of *Morrissey,* at least where, as here, we possess a record that is sufficiently complete to allow the parties and us to determine "the evidence relied on and the reasons for revoking probation." *Black,* 471 U.S. at 612, 105 S.Ct. at 2258. "The basis for requiring a written statement of facts is to ensure accurate fact finding and to provide 'an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence.'" *Yancey,* 827 F.2d at 89 (quot-

ing *Black*, 471 U.S. at 613–14, 105 S.Ct. at 2258–59). We agree with the Seventh Circuit that "these goals are satisfied when the oral findings in the transcript enable a reviewing court to determine the basis of the judge's decision to revoke probation." *Id.;* see also *Morishita*, 702 F.2d at 210. Of course, we might rule differently were we faced with "general conclusory reasons by the district court for revoking probation," *Lacey*, 648 F.2d at 445, or with a record from which we were "unable to determine the basis of the district court's decision to revoke probation." *Smith*, 767 F.2d at 524. But absent such situations, to demand that a district court turn its transcribed oral findings into a written order seems to us unduly formalistic. Cf. *Black*, 471 U.S. at 611, 105 S.Ct. at 2257 (previous cases have sought to accommodate, while avoiding the imposition of rigid requirements, the probationer's interest in retaining liberty and the state's interest in preserving its discretion and assuring the accuracy of probation proceedings).

■ The second aspect of appellant's due process argument—that Judge Daly failed to consider whether the violation was sufficiently serious to warrant revocation of probation—gives us more pause. "[T]he decision to revoke probation typically involves two distinct components: (1) a retrospective factual question whether the probationer has violated a condition of probation; and (2) a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of probation." *Id.* at 611, 105 S.Ct. at 2257. We do not accept appellant's characterization of Judge Daly's revocation of probation as "reflexive." Judge Daly held thorough hearings, and evidently gave the matter careful attention. Nevertheless, it is not clear from the record that the district court considered appellant's argument that his violation was not of a magnitude to warrant revocation. Although this is perhaps implicit in the judge's findings, in light of the importance of this determination under *Black*, see *id.*, we believe that we should remand so that the judge can consider this issue explicitly.

■ Appellant's second contention is that there was insufficient evidence in the record to support revocation of probation. Appellant attempts to minimize his violation, characterizing it as a "blameless trip overseas." However, the decision to revoke probation will only be overturned if the district court abused its discretion, *United States v. Sackinger*, 704 F.2d 29, 32 (2d Cir.1983), and we do not agree that on the record now before us Judge Daly abused his discretion. Appellant overlooks that he made more than one trip abroad, and that—at least on the record now before us—he apparently resisted revealing the extent of his trips overseas until the district court ordered him back to jail. Furthermore, in a case presenting a rather similar set of facts, we upheld revocation of probation based upon a single incident of travel outside the United States. See *United States v. Nagelberg*, 413 F.2d 708 (2d Cir.1969), cert. denied, 396 U.S. 1010, 90 S.Ct. 569, 24 L.Ed.2d 502 (1970); see also *United States v. Cartwright*, 696 F.2d 344, 348–49 (5th Cir.1983).

Appellant attempts to distinguish *Nagelberg*, arguing that the defendant there concocted an incredible story and lied to his probation officer about the purpose of his trip. However, even though appellant may not have actually lied to his probation officer, Judge Daly could justifiably have felt that appellant tried his best to keep the judge from learning of his travel abroad, and went so far as to resist the judge's direct order to turn over the passport which revealed this travel. In addition, the judge found that "in most material respects ... [appellant's] evidence is not credible."

Appellant also argues that *Cartwright* is not on point, because in that case there was a direct instruction from the court not to leave the United States. Judge Daly, however, credited the testimony of appellant's probation officer that she had specifically told appellant that he could not travel outside the United States without prior permission. We do not believe that the distinction between a direct instruction of the district court and that of the probation

officer is significant in this context. Thus, there was on this record sufficient evidence to allow the district court to revoke probation. We do not suggest that such action was required. That is a decision for the district court to make on this or—if it chooses to allow it—on an expanded record after remand.

■ Appellant's last contention is that he never received written notice of the specific condition of his probation—i.e., no travel outside the United States—whose violation led to his probation revocation. We are not persuaded. Standard Condition Four clearly stated that a probationer "shall not leave the judicial district without permission of the probation officer." And the probation officer testified that she explained this provision to appellant, who signed a form indicating that he understood it. The officer also stated she gave appellant blanket permission to travel for business purposes within the United States but told him that he would need permission "from the Court" to travel outside of the country.

■ Nevertheless, we are concerned because the probation officer orally modified the conditions of probation without committing that modification to writing. As the present case demonstrates, such conduct invites litigation over what the actual terms of probation were. Given that the penalty for violating a condition of probation can be a jail sentence, this is an area about which there should be as little uncertainty as possible. The better practice would be to write down the oral modification, thus diminishing the likelihood of later court battles and swearing matches between probationers and probation officers. This need not be an elaborate document; a simple letter outlining the modification would suffice.

### Conclusion

We conclude that Judge Daly's transcribed oral findings satisfied the written statement requirement of *Morrissey*, that there was sufficient evidence in the record to support the revocation of probation, and that appellant received sufficient written

notice of the condition of probation that he violated. However, we believe that the district court should make explicit its determination whether appellant's violation was sufficiently serious to warrant revocation of probation. We thus affirm the order of the district court in part, and remand in part.