**UNITED STATES of America,**
**Appellee,**

v.

**Nissim MIZRACHI, Defendant–**
**Appellant.**

No. 03–1147.

United States Court of Appeals,
Second Circuit.

Feb. 3, 2004.

James Miskiewicz, Assistant U.S. Attorney, for Roslynn R. Mauskopf, U.S. Attorney for the Eastern District of New York (David C. James, Assistant U.S. Attorney, on the brief), for Appellee.

Joseph A. Bondy, New York, N.Y. (Joseph Tacopina and Hilary Semel, on the brief), for Defendant–Appellant.

PRESENT: CALABRESI, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Nissim Mizrachi pled guilty to and was convicted on various arson, mail fraud, money laundering, and conspiracy charges, and in April 1994 was sentenced, by the U.S. District Court for the Northern District of New York (McAvoy, *C.J.*) to 78 months' imprisonment and five years of supervised release. He was also ordered to pay forfeiture and restitution in an amount totaling over eight million dollars. We affirmed this original sentence on direct appeal. *United States v. Mizrachi,* 48 F.3d 651 (2d Cir.1995). After Mizrachi served his prison sentence, his supervision was transferred to the Eastern District of New York, where his case was assigned to Senior Probation Officer Edward Kanaley.

On January 9, 2003, Officer Kanaley and a colleague paid an unannounced visit to Mizrachi at his home to question him about certain financial documents they believed to be relevant to Mizrachi's fulfillment of the terms of his supervised release. The ensuing encounter gave rise to the prosecution of Mizrachi under 18 U.S.C. § 115(a)(1)(B), which provides criminal penalties for "threaten[ing] to assault ... a United States official, a United States judge, a Federal law enforcement officer ... with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties...." After conducting an evidentiary hearing, making thorough factual findings, and concluding that, under § 115(a)(1)(B), Mizrachi's speech and conduct constituted a threat against Officer Kanaley, the district court (Hurley, *J.*) revoked Mizrachi's prior term of supervised release, and resentenced Mizrachi to four months' imprisonment and two years of supervised release.

The defendant argues on appeal that the district court erred in finding that Mizrachi's statements constituted a threat, contending that, given the totality of the circumstances, no reasonable person would have believed that Mizrachi intended to threaten Kanaley. He also contests the length of the supervised release term, imposed, asserting that it is unreasonable in

light of his general compliance with the terms of his original sentence, the relatively minor nature of the alleged violation, and the policy aims of the Guidelines. We disagree, and therefore affirm the judgment of the district court.

A violation of the terms of supervised release need only be proven by a preponderance of the evidence. *United States v. Thomas*, 239 F.3d 163, 168 (2d Cir.2001). We review the district court's finding of a supervised release violation for abuse of discretion. *United States v. Barth*, 899 F.2d 199, 202 (2d Cir.1990). Although the totality of the circumstances surrounding Mizrachi's encounter with Officer Kanaley are subject to various interpretations, we cannot say that the district court abused its discretion in concluding that the defendant violated 18 U.S.C. § 115(a)(1)(B). Further, the district court acted well within its broad discretion in imposing a sentence of four months' imprisonment, a sentence at the bottom of the Guidelines range, and two years of supervised release.

Having considered all of the appellant's arguments and found them to be without merit, we AFFIRM the judgment of the district court.