COMMONWEALTH of Kentucky,
Appellant,

v.

Lawrence Everett ALLEMAN,
Appellee.

No. 2007–SC–000570–DG.

Supreme Court of Kentucky.

March 18, 2010.

Jack Conway, Attorney General, Joshua D. Farley, Assistant Attorney General, Frankfort, KY, Counsel for Appellant.

Roy Alyette Durham II, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice VENTERS.

The Commonwealth of Kentucky petitioned this Court for discretionary review of a Court of Appeals opinion vacating an order of the Hardin Circuit Court which revoked Appellee Lawrence Everett Alleman's probation. We granted discretionary review to decide if a trial court's findings of fact and reasons for revocation entered orally on the record from the bench are sufficient to satisfy due process as set forth in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),[1] which requires a trial court to produce "a written statement by the factfinders as to the evidence relied on and the reasons for revoking parole." *Id.* at 489, 92 S.Ct. 2593.

We conclude that oral findings and reasons for revocation as stated by the trial court from the bench at the conclusion of a revocation hearing satisfy a probationer's

---

1. Although *Morrissey* involved a parole revocation, *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) extended *Morrissey*'s due process requirements to probation revocations.

due process rights, presuming the findings and reasons support the revocation, when they are preserved by a reliable means sufficiently complete to allow the parties and reviewing courts to determine the facts relied on and the reasons for revoking probation. We accordingly reverse the Court of Appeals decision and reinstate the order of the Hardin Circuit Court revoking Appellee's probation.

## BACKGROUND

On August 29, 2003, a Hardin County grand jury indicted Alleman for two counts of complicity to commit obtaining a controlled substance by fraud, false statement or forgery; one count of resisting arrest; and of being a first-degree persistent felony offender. On April 8, 2004, Appellee pled guilty to all charges, for which he was sentenced to a total of twelve years of imprisonment, with the sentence probated for five years. This sentence was to run consecutive to a prior sentence from Montgomery County.[2] The sentencing order in the Hardin County case listed the conditions of Appellee's probation, including, "10. Report to the probation officer as directed and comply with all written rules, regulations or stipulations imposed by him and the Department of Corrections, Division of Probation and Parole."

Seven months later, on November 18, 2004, Appellee was released on parole in the Montgomery County case. He checked in with his parole officer in his Montgomery County case; however, he failed to report to the Hardin County Office of Probation and Parole to address his probation supervision for the Hardin County case. On July 29, 2005, the Har-

din Circuit Court issued a warrant for Appellee's arrest for violation of his probation for absconding from probation supervision. Appellee was arrested on November 7, 2005.[3]

On June 20, 2006, a probation revocation hearing was held. A video recording of the hearing was made pursuant to CR 98, and the recording is before this Court. At the probation revocation hearing, the Commonwealth presented the testimony of a Hardin County Probation and Parole officer who testified that following Alleman's release from prison, he did not report to the Hardin County Probation and Parole office in violation of his terms of probation. He also testified that he had communicated with the parole officer assigned to the Montgomery County case, who informed him that Alleman was in violation of his terms of parole in that proceeding. He further testified that Alleman was eventually captured hiding in his sister's residence in Menifee County. Alleman's novel defense was to the effect that because the Hardin County sentence was to be served consecutively to the preexisting Montgomery County case, he was not obligated to begin serving his Hardin County probation, and thus was not obligated to report in, until he had completed his Montgomery County sentence by parole serve-out.

At the conclusion of the hearing the trial court revoked Appellee's probation, stating, "I think it is reasonable to go ahead and revoke for the Hardin County time given that he had absconded from supervision for a significant period of time." The order revoking Appellee's probation stated that "Defendant has violated his/her terms

2. At the time of sentencing for the Hardin County case, Appellee was serving five years for an August 8, 2003, conviction in Montgomery County. *See* Montgomery Circuit Court Case No. 01–CR–00148.

3. The record indicates that Appellee's parole in the Montgomery County case was revoked in a separate proceeding on different grounds.

of probation ..." but provided no other facts or reasons for revoking probation.

The Court of Appeals reversed the order revoking Appellee's probation and remanded it to the trial court for written findings of fact as facially required by *Morrissey*, 408 U.S. 471, 92 S.Ct. 2593. However, as discussed below, we conclude that a recorded oral recitation by the trial court of findings and reasons for revocation, if otherwise sufficient, satisfies applicable due process requirements.

## RECORDED ORAL FINDINGS OF FACT AND REASONS FOR REVOCATION ARE SUFFICIENT TO SATISFY DUE PROCESS UNDER MORRISSEY

■ In *Morrissey*, 408 U.S. at 489, 92 S.Ct. 2593, and *Gagnon*, 411 U.S. at 786, 93 S.Ct. 1756, the United States Supreme Court set out the minimum requirements of due process that must be afforded a defendant at a probation revocation hearing.

> They include (a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) *a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.*

*Gagnon*, 411 U.S. at 786, 93 S.Ct. 1756 (quoting *Morrissey*, 408 U.S. at 489, 92 S.Ct. 2593) (Emphasis added).

At issue in this case is requirement (f) of the *Morrissey* factors requiring that the trial court make a *written* statement identifying the evidence relied on and reasons for revoking probation. It has been explained that the written statement requirement provides a basis for appellate review, as well as encouraging accuracy in fact finding. *Black v. Romano*, 471 U.S. 606, 613–14, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). In *Romano*, as here, the parolee, citing *Morrissey*, contended that the court which had revoked his parole had not provided an adequate written statement. *Romano* held, however, that "[t]he memorandum prepared by the sentencing court and *the transcript of the hearing* provided the necessary written statement explaining the evidence relied upon and the reason for the decision to revoke probation." *Id.* (Emphasis added). Thus, *Romano* signals that something other than an explicit written order signed by the trial judge may satisfy the *Morrissey* requirement. In fact, in *Morrissey* the Supreme Court stated that it had "no thought to create an inflexible structure for parole revocation procedures." *Morrissey*, 408 U.S. at 490, 92 S.Ct. 2593. Rather, its principal concern was the "absence of an adequate record" which would enable judicial review of the reasons for parole revocation. *Id.*

When *Morrissey* was decided in 1972, revocation hearings and lower court proceedings were frequently conducted by judges or hearing officers who were not trained in the law and often without the services of a court reporter. There existed no practical substitute for a court reporter. There was no practical means of courtroom video recording, and audio recording equipment was not generally available. The written order was, therefore, the best means of documenting for appellate review what had transpired. Without a written statement of facts, adequate judicial review was nearly impossible.

Several United States Circuit Courts of Appeal have moved away from the inflexible requirement of a formalistic written order by the revoking court as the only method of satisfying *Morrissey.* *See United States v. Gilbert*, 990 F.2d 916 (6th Cir.1993) (District judge's oral recitation of findings from bench, in support of revocation of supervised release, satisfied requirement that "written statement" be provided, insofar as hearing was transcribed verbatim.); *United States v. Copley*, 978 F.2d 829 (4th Cir.1992) (Transcribed oral finding can serve as "written statement" of evidence and reasons for revoking supervised release under due process claim when transcript and record compiled before trial judge enables reviewing court to determine basis of trial court's decision.); *United States v. Barth*, 899 F.2d 199 (2d Cir.1990) (Trial court's transcribed oral findings with respect to revocation of defendant's probation satisfied due process requirement of "written statement" by fact finder as to evidence relied on and reasons for revoking probation.); *United States v. Yancey*, 827 F.2d 83 (7th Cir.1987) (Transcript of oral findings made at time of probation revocation was sufficient to enable reviewing court to determine basis of judge's decision.); *Morishita v. Morris*, 702 F.2d 207 (10th Cir.1983) (Written findings are constitutionally required only if the transcript and record before the judge who revokes probation would not enable a reviewing court to determine the basis of the judge's decision to revoke probation.) We agree with the reasoning expressed in these cases explaining why something other than a written order may satisfy due process requirements.

■ Extending the reasoning of the above cases to an untranscribed video tape recording,[4] we see no reason why oral findings made from the bench, as long as otherwise adequate, cannot satisfy the due process requirement of *Morrissey,* at least where, as here, we possess a video record that is sufficiently complete to allow the parties and us to determine "the evidence relied on and the reasons for revoking probation." *Romano,* 471 U.S. at 612, 105 S.Ct. 2254; *Barth,* 899 F.2d at 201. "The basis for requiring a written statement of facts is to ensure accurate fact finding and to provide 'an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence.'" *Yancey,* 827 F.2d at 89 (quoting *Romano,* 471 U.S. at 613–14, 105 S.Ct. 2254). We believe these goals are satisfied when the oral findings and reasons for revocation as recorded in the video record enable a reviewing court to determine the basis of the judge's decision to revoke probation. *Id.;* *see also Morishita,* 702 F.2d at 210; *Barth,* 899 F.2d at 202.

Of course, we might rule differently were we faced with "general conclusory reasons by the [trial] court for revoking probation," *Barth,* 899 F.2d at 202; *Lacey,* 648 F.2d at 445, or with a record from which we were "unable to determine the basis of the [trial] court's decision to revoke probation." *Smith,* 767 F.2d at 524. But absent such situations, to demand that a trial court turn its oral findings and reasons for revocation into a written order seems unduly formalistic. *Romano,* 471 U.S. at 611, 105 S.Ct. 2254 (previous cases have sought to accommodate, while avoiding the imposition of rigid requirements, the probationer's interest in retaining liberty and the state's interest in preserving its discretion and assuring the accuracy of probation proceedings); *Barth,* 899 F.2d at 202.

---

4. The federal cases cited address the lack of an adequate written order in light of a written transcript, whereas we consider an untranscribed video recording.

In this case, the trial court made an oral statement from the bench at the conclusion of the revocation hearing that provided the reason and findings for revoking probation. At the hearing, the Commonwealth presented evidence and testimony that Appellee absconded from probation supervision and Appellee presented no countervailing evidence (except for his novel defense that he was not required to report until off parole). The trial court, in turn, made findings that the evidence of Appellee absconding from probation supervision indicated that he had violated the terms of his probation. This finding matches with the condition of probation that Appellee "[r]eport to the probation officer as directed and comply with all written rules, regulations or stipulations imposed by him and the Department of Corrections, Division of Probation and Parole." Thus, the recording of the probation revocation hearing in this matter provides an adequate record of the reasons for revocation and the evidence in support thereof. Further, the reasons given by the trial court to support the revocation order provide sufficient grounds to revoke Appellee's probation. Since Appellee was fully notified of the court's findings, and the basis of the revocation at the hearing, the due process requirement, as expressed in *Morrissey*, was satisfied.

With the above said, we hasten to clarify that the intent of our holding is not to endorse an across-the-board abandonment of the *Morrissey* written order requirement. Such a requirement is not unduly burdensome and should be implemented as part of a trial court's routine probation revocation process. A written order facilitates efficiency for all concerned in the appellate review process, and remains the preferred practice.

## CONCLUSION

Accordingly, we reverse the Court of Appeals decision and reinstate the judg-ment of the Hardin Circuit Court revoking Appellee's probation.

All sitting. ABRAMSON, CUNNINGHAM, NOBLE and SCOTT, JJ., concur.

SCHRODER, J., dissents by separate opinion in which MINTON, C.J., joins.

SCHRODER, J., dissenting.

Because I believe that oral findings of fact are not sufficient to satisfy due process under *Morrissey*, I must respectfully dissent. In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the United States Supreme Court set out the minimum due process requirements that must be afforded a defendant at a probation revocation hearing. These requirements include "a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole." *Gagnon*, 411 U.S. at 786, 93 S.Ct. 1756 (quoting *Morrissey*, 408 U.S. at 489, 92 S.Ct. 2593).

In this case, although the trial court made an oral statement that provided the reason for revoking probation, there were no written findings setting out that reason, and there were no findings—either oral or written—that provided the evidence relied on in reaching that decision. The order revoking probation merely stated, "the Court finds that the Defendant has violated his/her terms of probation...." This lack of specific written findings clearly violates the standard set out in *Morrissey* and *Gagnon*. As the United States Supreme Court noted, "The written statement required by *Gagnon* and *Morrissey* helps to insure accurate factfinding with respect to any alleged violation and pro-

vides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence." *Black v. Romano,* 471 U.S. 606, 613–14, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985).

When the United States Supreme Court has interpreted the U.S. Constitution as guaranteeing certain minimum individual rights, a state may grant its citizens more rights, but a state may not go below that federal floor. *See Commonwealth v. Wasson,* 842 S.W.2d 487, 492 (Ky.1992); *Crayton v. Commonwealth,* 846 S.W.2d 684, 690 (Ky.1992) (Stephens, C.J., dissenting). The requirement in *Morrissey* is clear: to satisfy a parolee or probationer's due process rights during a revocation hearing, the trial court must provide a *written* statement that contains two items: (1) the reasons for revoking probation or parole, and (2) the evidence relied upon. As the Commonwealth noted, the trial court can simply enter a written order expressing what it stated orally. Such a requirement is not unduly burdensome and ensures that a parolee's or probationer's due process rights are not violated.

Accordingly, I would affirm the judgment of the Court of Appeals and remand to the Hardin Circuit Court for a written statement that details the reasons for revoking Alleman's probation and the evidence relied upon.

MINTON, C.J., joins this opinion.