Solomon RICHARDSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2006–CA–001568–MR.

Court of Appeals of Kentucky.

Oct. 1, 2010.

Julia K. Pearson, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Kristin N. Logan, Assistant Attorney General, Frankfort, KY, for appellee.

Before THOMPSON and WINE, Judges; HENRY,[1] Senior Judge.

## OPINION

THOMPSON, Judge:

This appeal is before us on remand from our Supreme Court for reconsideration in light of its decision in *Commonwealth v. Alleman*, 306 S.W.3d 484 (Ky.2010). Upon reconsideration, we affirm.

The facts underlying this case were stated in our previous opinion as follows:

On September 30, 2004, Richardson was indicted by a Campbell County grand jury for second-degree forgery and for operating a motor vehicle on a suspended or revoked driver's license. Subsequently, he pled guilty, and on January 26, 2005, he was sentenced to three years' imprisonment which was probated for five years. Soon thereafter, Richardson's probation was transferred to Hamilton County, Ohio.

On May 31, 2006, Tara Giust, a Kentucky probation officer, signed an affidavit stating that Richardson had violated a condition of his probation by threatening his Ohio landlord, Jeff Lewis. Consequently, on July 6, 2006, a probation revocation hearing was held in Campbell County, Kentucky. The Commonwealth presented two witnesses to establish that Richardson had violated a condition of his probation by threatening his landlord. After calling one witness in his defense, Richardson testified on his own behalf.

Several days after the revocation hearing, the trial court issued an order that provided, in pertinent part;

This matter was before the Court on July 7, 2006[2] for hearing to revoke Defendant's probation and on Defendant's Motion to Dismiss. Counsel for the parties and the Defendant were present. Based upon the testimony adduced, argument of counsel and a review of the record herein, the Court finds as a matter of fact that the Defendant has violated the terms and conditions of his probation and, thus, concludes as a matter of law that the Defendant's probation should be revoked. Accordingly;

---

**1.** Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

**2.** The hearing was held on July 6, 2006.

IT IS ORDERED that the defendant's probation is revoked.

In an opinion rendered on August 17, 2007, this Court reversed and remanded the probation revocation order of the trial court. We concluded that the trial court's failure to adequately set out the evidence relied on and the reasons for revoking Richardson's probation violated his due process rights. After the Commonwealth petitioned the Kentucky Supreme Court for discretionary review, our Supreme Court ordered the petition to be held in abeyance pending the outcome of another appeal. Subsequently, on March 18, 2010, our Supreme Court rendered *Commonwealth v. Alleman,* 306 S.W.3d 484 (Ky. 2010), and then remanded the instant case to us for reconsideration in light of its decision in *Alleman.*

In *Alleman,* our Supreme Court held that oral findings and reasons for revocation stated by the trial court from the bench satisfy a probationer's due process rights under *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which had been previously interpreted to require written findings. *Id.* at 484–85, 92 S.Ct. 2593. Additionally, the court held that an untranscribed videotape recording, containing oral findings made from the bench, is constitutionally sufficient, "at least where, as here, [a reviewing court possesses] a video record that is sufficiently complete to allow the parties and [court] to determine 'the evidence relied on and the reasons for revoking probation.'" *Id.* at 487, 92 S.Ct. 2593 (quoting *Black v. Romano,* 471 U.S. 606, 612, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985)).

Here, the trial court issued a written revocation order providing that Richardson violated "the terms and conditions of his probation." While the revocation order did not contain any reference to the specific probation term or condition violated or to the violative conduct, the trial court's written findings and the untranscribed videotape recording of the revocation proceeding are sufficiently complete to permit the parties and this Court to determine the evidence relied on and the reasons for revoking Richardson's probation.

From a review of the videotape recording of the revocation proceeding, the Commonwealth moved to revoke Richardson's probation because it believed that he committed the crime of aggravated menacing under Ohio law. As a condition of his probation, he was to refrain from violating the laws of Kentucky, any other state, and the United States. According to testimony at the hearing, he threatened to kill his landlord, which violated Ohio Revised Code (O.R.C.) § 2903.21(A). Under this menacing statute, "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." Therefore, the evidence relied on and the basis of the revocation are clear from the record.

Moreover, our conclusion in this case is consistent with the holdings in *Morishita v. Morris,* 702 F.2d 207 (10th Cir.1983), and *United States v. Smith,* 767 F.2d 521 (8th Cir.1985), which were expressly embraced by our Supreme Court in *Alleman. Id.* at 487, 92 S.Ct. 2593. In the federal cases, the courts were more willing to reject constitutional due process challenges when only one probation violation was alleged, which permitted the reviewing court to determine the basis of the trial court's decision to revoke probation. *Morishita,* 702 F.2d at 209–10; *Smith,* 767 F.2d at 524. Therefore, because only one probation violation was alleged in this case, the record is even more permitting of review

to determine the basis of the trial court's decision to revoke probation.

Accordingly, we conclude that the untranscribed videotape recording and the trial court's written findings, especially considering the fact that only one probation violation was alleged, are sufficient to satisfy Richardson's constitutional due process rights in light of the Kentucky Supreme Court's decision in *Alleman.*

For the foregoing reasons, the judgment of the Campbell Circuit Court is affirmed.

ALL CONCUR.