Anthony WILLIAMS, Appellant

v.

COMMONWEALTH of Kentucky, Appellee

NO. 2013–CA–002112–DG

Court of Appeals of Kentucky.

RENDERED: MAY 8, 2015; 10:00 A.M.

BRIEF FOR APPELLANT: Rob Eggert Louisville, Kentucky

BRIEF FOR APPELLEE: John Patrick Ward Jr. Louisville, Kentucky Jack Conway Attorney General Frankfort, Kentucky

BEFORE: COMBS, JONES, AND MAZE, JUDGES.

## OPINION

COMBS, JUDGE:

This case is before us on discretionary review. Anthony Williams [1] appeals the order of the Jefferson Circuit Court which affirmed the revocation of his conditional discharge in Jefferson District Court. After our review, we vacate and remand.

On March 16, 2012, Williams pleaded guilty to driving under the influence. He received a sentence of incarceration of twenty-six days, discharged for two years, on the condition that he not commit any crimes during the two-year period of his discharge.

On July 11, 2013, the Louisville Police Department received a tip that drugs were being sold from the residence where Williams lived. His mother, who owned the house, had consented to a search. The officers found Williams sleeping in a room in which they observed several baggies containing drugs. Another individual, Michael Young, was sleeping in a back bedroom. Young claimed that the drugs belonged to him. Nonetheless, the police arrested Williams and charged him with trafficking in controlled substances.

---

1. Williams also uses the name Frederick Kelly. However, the notice of the appeal designates his name as Anthony Williams.

The Commonwealth then filed a motion to revoke Williams's conditional discharge on July 15, 2013. The reasons provided were "re-arrest" and "failure to refrain from further violations of the law." The District Court combined the preliminary hearing for the charges with the revocation hearing. It considered evidence presented over the course of three separate hearings. Williams's defense continued to be Young's alleged ownership of the drugs.

At the close of the hearing, on August 15, 2013, the court announced that it found probable cause to send the case to the grand jury. The Commonwealth reminded the court of the motion to revoke conditional discharge, and the court granted that motion. Williams objected on the ground that he was being punished for exercising his right to a preliminary hearing on the new charges. The court then clarified its order, stating that it was "revoking the twenty-six days for a probation violation." Williams appealed the revocation to the Jefferson Circuit Court, which affirmed the conviction on November 26, 2013. This court granted discretionary review on April 23, 2014.

On appeal, Williams primarily argues that the trial court violated his constitutional right to due process when it combined the hearings for probable cause and revocation. In response, the Commonwealth contends that Williams did not preserve the issue for appeal.

Preliminarily, we note the confusing state of the record before us. Williams's brief cited to the video recording of the hearing and relied primarily upon those citations. However, the recording was not included in the record. The designation of record indicated that there was no video. After searching the record, we discovered it in the unlikely form of an attachment to a pleading that had been submitted to the circuit court. *See Dennis v. Fulkerson,* 343 S.W.3d 633, 637 (Ky.App.2011). This deficiency nearly prevented a meaningful review in this case, and its fortuitous discovery easily could have eluded us.

It is well established that we are a court of review. Therefore, we may not consider issues that were not presented to the trial court. *J.K. v. N.J.A.,* 397 S.W.3d 916, 919 (Ky.App.2013). Matters are preserved when they have been "precisely raised or adjudicated" in the trial court. *Smith v. Bear, Inc.,* 419 S.W.3d 49, 60 (Ky.App.2013). We may only consider issues that fall within the scope of objections made to the trial court. *Richardson v. Commonwealth,* 483 S.W.2d 105, 106 (Ky. 1972). Our Supreme Court has also found contemporaneous objections to be a factor when considering preservation of an issue. *Elery v. Commonwealth,* 368 S.W.3d 78, 97 (Ky.2012).

In this case, after the court announced that it was sending Williams's new charges to a grand jury and that it was revoking his conditional discharge, Williams objected, arguing that he had not been convicted of a crime to justify the revocation. He reasoned that he was being punished for exercising his right to a preliminary hearing. On appeal, however, Williams claims that his due process rights were violated by the trial court's conducting the joint hearing. The basis for his argument is that the two hearings require two different burdens of proof.

Williams failed to preserve his present contention that combining the two procedures into one hearing violated his rights to due process. At the beginning of the hearing, Williams asked the court to refrain from deciding the issue of revocation until the new charges had been resolved. At the conclusion of the hearing, his objection continued to be that revocation without a conviction was improper. Williams

participated in the hearing without making due process objections. However, he never asked the trial court to consider the propriety of the joint hearing. Thus, the issue is not properly before us.

 Williams asks us to conduct a review for palpable error pursuant to Kentucky Rule[s] of Criminal Procedure (RCr) 10.26. Our Supreme Court has explained that a palpable error is one that results in "manifest injustice" affecting a party's substantial rights. *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky.2006). An appellate court may recognize palpable error as one that "seriously affects the fairness, integrity [sic] or public reputation of judicial proceedings" and should probe the record to determine if the error was "shocking or jurisprudently intolerable." *Id.* at 4. (internal citations omitted). We review to determine whether we believe "there is a 'substantial possibility' that the result in the case would have been different without the error." *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky.2006) (internal citations omitted). We note that for the sake of review, conditional discharge is treated like probation. *Commonwealth v. Marshall*, 345 S.W.3d 822, n.1 (Ky.2011).

In this case, we cannot agree that palpable error occurred for the reasons asserted by Williams in his brief. Williams correctly argues that the Commonwealth's burden of proof of a probation violation is preponderance of the evidence. *Id.* at 834. Conditional discharge may only be revoked "after a hearing with defendant represented by counsel and following a written notice of the grounds for revocation or modification." Kentucky Revised Statute[s] (KRS) 533.050(2). Our Supreme Court has addressed this issue as follows:

> [O]ral findings and reasons for revocation as stated by the trial court from the bench at the conclusion of a revocation hearing satisfy a probationer's due process rights, presuming the findings and reasons support the revocation, when they are preserved by a reliable means sufficiently complete to allow the parties and reviewing courts to determine the facts relied on and the reasons for revoking probation.

*Commonwealth v. Alleman*, 306 S.W.3d 484, 484–85 (Ky.2010).

 Indeed a conviction is unnecessary to support revocation based upon new charges. *Barker v. Commonwealth*, 379 S.W.3d 116, 123 (Ky.2012), clearly holds that a trial court is at liberty to revoke probation before the ultimate resolution of the criminal case involving the new charge. *Barker* carefully analyzes the two burdens of proof and concludes that a connection is not required as a condition precedent for revoking probation:

> To sustain a criminal conviction requires proof *beyond a reasonable doubt*. By contrast, "[p]robation revocation requires proof by a preponderance of the evidence that a violation has occurred." Because of the lower burden of proof required to revoke probation, a trial court could revoke probation before a jury convicts the probationer by finding him guilty beyond a reasonable doubt on identical facts. And a trial court could properly revoke probation on less evidence than is required for a jury to convict.

An individual's probation may be revoked any time before the expiration of the probationary period when the trial court is satisfied by a preponderance of the evidence presented in a revocation hearing that the probationer violated a condition of probation. Although new charges may form the basis for revocation proceedings, a conviction on those

charges is not necessary in order to revoke probation.

*Id.* (internal citations omitted).

Neither party disputes that the Commonwealth provided Williams with written notice of the grounds for revocation and that he received a hearing in which he was represented by counsel. The question is whether the court committed palpable error by failing to apply the appropriate burden of proof.

This court has held that in the absence of precise findings, the record itself can be sufficient to support a revocation of probation. *Richardson v. Commonwealth,* 323 S.W.3d 379 (Ky.App.2010). The record in this case is extensive. The court heard lengthy detailed testimony by law enforcement officers and by Young. It considered photographs of the physical evidence. Williams cross-examined the witnesses. Accordingly, we cannot conclude that the court erred under either *Barker* or *Richardson.*

Especially if these hearings are consolidated, we note that some degree of demarcation—perhaps merely an announcement—should separate the probable cause hearing from the probation revocation hearing, emphasizing that different standards of proof are involved.

█ Thus, pursuant to the holding of *Barker,* we would readily have affirmed the trial court. However, a different outcome is now required since the Supreme Court rendered *Commonwealth v. Andrews,* 448 S.W.3d 773 (Ky.2014), in December of 2014, several months after Williams and the Commonwealth had filed their briefs in this case. Both parties addressed *Andrews* at oral arguments.

In essence, *Andrews* has created a new standard for probation revocation hearings. *Andrews* analyzed and addressed

the criteria set forth at KRS 439.3106. That statute provides as follows:

Supervised individuals shall be subject to:

(1) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

(2) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of interventions which may assist the offender to remain compliant and crime-free in the community.

█ *Andrews* holds that a trial court must address more than the fact of the violation of the terms of probation; in addition, it must consider whether the probationer constitutes a *significant* risk either to a victim or to the community at large. And it must evaluate whether or not he can be managed in that community. *Andrews* requires both the trial court and the Department of Corrections to consider a range of sanctions graduated in severity as reflected by the level of risk posed by the supervised individual:

The language of KRS 439.3106(2) regarding "other sanctions" loosely tracks KRS 439.3107, which directs the DOC to adopt a system of graduated sanctions for "the most common types of supervision violations." Under 439.3108(1)(a), the DOC, "notwithstanding any administrative regulation or law to the contrary," has the authority to modify the conditions of probation "for the limited purpose of

imposing graduated sanctions [.]" The guidelines for applying graduated sanctions are set forth in 501 Kentucky Administrative Regulations ("KAR") 6:250. When imposing graduated sanctions under this regulation, a probation officer must first consider various factors including:

(a) Offender's assessed risk and needs level;

(b) Offender's adjustment on supervision;

(c) Severity of the current violation;

(d) Seriousness of the offender's previous criminal record;

(e) Number and severity of any previous supervision violations; and

(f) Extent to which graduated sanctions were imposed for previous violations.

*Id.* at 778 (internal citations omitted). *Andrews* continues:

Under the 2011 statutory reform, when a probationer appears before the trial court because he has failed to comply with the terms of probation and the probation officer has determined that graduated sanctions are inappropriate, KRS 439.3106 must be considered before probation may be revoked. *If the court's order of probation was silent as to the imposition of graduated sanctions, the statute nevertheless applies upon consideration of probation revocation. By requiring trial courts to determine that a probationer is a danger to prior victims or the community at large and that he/she cannot be appropriately managed in the community before revoking probation, the legislature furthers the objectives of the graduated sanctions schema to ensure that probationers are not being incarcerated for minor probation violations.* See *Reyes v. Hardin Cnty.,* 55 S.W.3d 337, 342 (Ky.2001) ("The universal rule is, that in construing statutes it must be presumed that the Legislature intended something by what it attempted to do[.]").

*Id.* at 778–79 (internal footnote omitted). (Emphasis added.)

Therefore, we are compelled to vacate the order of the trial court and remand this case with directions that the court conduct a hearing pursuant to the criteria announced in *Andrews, supra.*

All concur.