RENDERED: MARCH 21, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1387-MR

ADAM TRACEY APPELLANT

v.
APPEAL FROM WAYNE CIRCUIT COURT
HONORABLE SARA B. GREGORY, JUDGE
ACTION NO. 17-CR-00066

COMMONWEALTH OF KENTUCKY APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND A. JONES, JUDGES.

CETRULO, JUDGE: Adam Tracey ("Tracey") appeals as a matter of right from

an August 16, 2023 Wayne Circuit Court Order revoking his probation. Because

the circuit court made the statutory findings required by Kentucky Revised Statute

("KRS") 439.3106, and the record supports those findings, we affirm.

# BACKGROUND

On October 3, 2017, Tracey pled guilty to second-degree unlawful imprisonment, second-degree burglary, fourth-degree assault, second-degree criminal mischief, third-degree terroristic threatening, and violation of an emergency protective order/domestic violence order. On November 21, 2017, the circuit court sentenced Tracey to 10 years of imprisonment, probated for five years. Among other conditions imposed as part of his probation, the circuit court ordered Tracey to "[r]efrain from any further violation of the law" and "[r]eport to the probation officer as directed[.]"

Tracey failed to report to his probation officer in December 2017 and February 2018. The Commonwealth moved to revoke his probation in March 2018. A bench warrant for Tracey's arrest was issued, and he was arrested in May 2018. On May 15, 2018, Tracey appeared before the circuit court, was released to supervision in Fayette County, and was given credit for 30 days of time served.

Tracey failed to report on four separate occasions in July 2018, and the circuit court issued an arrest warrant. Shortly thereafter, it came to light that Tracey had been arrested in Ohio, found guilty of burglary, and sentenced to five years of imprisonment. In July 2023, Tracey was released to Wayne County.

In August 2023, the circuit court held a probation revocation hearing. At this hearing, Tracey stipulated to absconding and obtaining the conviction in

Ohio. The next day, the circuit court revoked Tracey's probation and imposed his original sentence of imprisonment. In January 2024, this Court granted Tracey's motion for a belated appeal.

## STANDARD OF REVIEW

"A decision to revoke probation is reviewed for an abuse of discretion." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citing *Commonwealth v. Lopez*, 292 S.W.3d 878, 881 (Ky. 2009)). "Under our abuse of discretion standard of review, we will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

## ANALYSIS

Tracey argues that the circuit court's findings were not supported by sufficient evidence, and, as such, his probation revocation cannot stand. Conversely, the Commonwealth argues that the evidence of record supported the circuit court's decision to revoke Tracey's probation. We agree with the Commonwealth.

To revoke probation "[t]here must be proof in the record established by a preponderance of the evidence that a defendant violated the terms of his release and the statutory criteria for revocation has been met." *Walker v.*

*Commonwealth*, 588 S.W.3d 453, 457 (Ky. App. 2019) (quoting *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015)). Further, KRS 439.3106(1)(a) "requires a court to make two findings before revoking probation: 1) the supervised individual must be "a significant risk to prior victims . . . or the community at large"; and 2) the supervised individual "cannot be appropriately managed in the community[.]" *Kendrick v. Commonwealth*, 664 S.W.3d 731, 734 (Ky. App. 2023) (quoting KRS 439.3106).

"[W]e cannot affirm the revocation of probation simply because the revocation order contains the requisite statutory findings. A revocation unsupported by evidence of record would not be 'within the range of permissible decisions allowed by a correct application of the facts to the law.'" *Id.* at 735 (quoting *McClure v. Commonwealth*, 457 S.W.3d 728, 730 (Ky. App. 2015)). However, while the court must make the required statutory findings as supported by the record, the court does not need to provide "detailed explanations" for the findings. *Id.* (citation omitted). We may consider both the oral and written records in assessing the sufficiency of the evidence relied upon for revocation. *Commonwealth v. Alleman*, 306 S.W.3d 484, 487 (Ky. 2010) (citations omitted).

At his revocation hearing, Tracey stipulated to absconding and his Ohio conviction. At the hearing, the circuit court noted that, within a year of being placed on probation in Kentucky, Tracey committed a crime in another state

similar to those he committed in the Commonwealth.  At the close of the hearing, the circuit court stated, "I do think that [Tracey] demonstrated a risk of committing further offenses and an inability to be managed in the community."

The circuit court's order states that Tracey violated the terms of his probation by absconding and receiving a new conviction.  The order goes on to state that:

> 2.  Tracey needs correctional treatment that can be provided most effectively by [his] commitment to a correctional institution. . . .
>
> . . .
>
> 4.  There are no alternatives less restrictive than revocation.  [Tracey] will likely re-offend if left in the community.
>
> 5.  The Court has considered the provisions of KRS 439.3106 and has considered a range of sanctions.
>
> 6.  The Court has considered sanctions other than revocation and incarceration based on [Tracey's] violations, [Tracey's] risk of future criminal behavior, and the need for and availability of interventions which may assist the defendant in remaining compliant in his probation and crime free in the community.
>
> 7.  [Tracey] cannot be managed in the community.
>
> 8.  Considering [Tracey's] criminal history, past behavior and current violations, he is a danger to himself, prior victims and the community at large.
>
> 9.  Considering [Tracey's] violations, graduated sanctions are not a viable alternative to incarceration.

Taken alone and together, the video recording of the hearing and the order revoking Tracey's probation enable us "to determine the basis of the trial court's decision to revoke probation" and that basis "rests on permissible grounds supported by the evidence." *See Alleman*, 306 S.W.3d at 487-88 (internal quotation marks and citations omitted).

Tracey argues that he is no longer a threat to the community due to his time spent rehabilitating while incarcerated in Ohio and that his Ohio sentence should fulfill the need for correctional treatment. While this argument has merit – and Tracey may have been "older and wiser" by the time Wayne Circuit Court held his revocation hearing – the trial court nonetheless found he was a current risk and lesser sanctions were not appropriate at that time. It is the trial court's role to make that determination, and we do not reweigh the evidence. *See Andrews*, 448 S.W.3d at 781 ("although Andrew's situation was not clear-cut and another judge may have opted for a lesser sanction, the trial court's decision to revoke Andrews's probation was neither arbitrary nor unreasonable.").

The fact remains that the circuit court made the findings required by KRS 439.3106, and sufficient evidence supported those findings. *See Walker*, 588 S.W.3d at 457 (quoting *Helms*, 475 S.W.3d at 645); *see also Kendrick*, 664 S.W.3d at 734-35. As such, the circuit court's order was not "arbitrary, unreasonable, unfair, or unsupported by sound legal principles[,]" and, thus, the circuit court did

not abuse its discretion. *Andrews*, 448 S.W.3d at 780 (internal quotation marks and citations omitted).

## CONCLUSION

Accordingly, we AFFIRM the Wayne Circuit Court's order.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Emily Holt Rhorer<br>Frankfort, Kentucky | Russell Coleman<br>Attorney General of Kentucky |
| | Ken W. Riggs<br>Assistant Attorney General<br>Frankfort, Kentucky |