UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: JOSEPH D. MORRISSEY,
                    *Appellant.*          No. 00-4656

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(MISC-97-16)

Submitted: December 8, 2000

Decided: December 22, 2000

Before WILLIAMS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Robert H. Smallenberg, James T. Maloney, Richmond, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, James B. Comey,
Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Joseph P. Morrissey appeals a district court order revoking probation and sentencing him to ninety days' imprisonment. Morrissey argues that he was denied due process because the district court did not issue a written statement of its findings of fact forming the basis for its order revoking probation. Morrissey further argues that the district court's factual findings are clearly erroneous. We affirm.

After a hearing during which several witnesses testified, the district court made findings of fact from the bench and ordered Morrissey's probation revoked. Those findings of fact have been transcribed and are in the record.

As a matter of due process, prior to revocation of probation, Morrissey was entitled to: (1) written notice of the alleged violations of probations; (2) disclosure of the evidence against him; (3) opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the factfinder as to the evidence relied upon and the reasons for revoking probation. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). "A transcribed oral finding can serve as a 'written statement' for due process purposes when the transcript and record compiled before the trial judge enable the reviewing court to determine the basis of the trial court's decision." *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992) (concerning revocation of supervised release); *see also United States v. Barth*, 899 F.2d 199, 201 (2d Cir. 1990) (same concerning revocation of probation). Accordingly, we find that because the district court's factual findings were transcribed there is no due process violation.

A district court's factual findings are reviewed for clear error. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). The factfinder, in this instance the district court, "not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). We find that the district court's factual findings are not clearly erroneous.

Accordingly, we affirm the order of the court. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*