14-1474-cr(L)
*United States v. Resto*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the, Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand fifteen.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,
          *Appellee,*


          -v.-                                          Nos. 14-1474-cr(L), 14-1503-cr(CON)

JUAN LAJARA, AKA Chubbs, JOAQUIN CANDELARIO,
AKA Buckwheat, RUBEN SENCION, CHRISTIAN GUZMAN,
AKA Green Eyes, ISMAEL LOPEZ, AKA Tito, AKA Spank,
PHILIP PEREZ, AKA Dog, EDWARD RIOS, AKA L.A.,
DAVID RODRIGUEZ, AKA David LNU, VICTOR CASTRO,
AKA Mr. Magoo, AKA LNU, 1-98CR0846-007, KIRT PROCTOR,
          *Defendants,*

RAYMOND ANTHONY RESTO, AKA Zo DE Tone,
          *Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**          David J. Goldstein, Goldstein & Weinstein,
                                      Bronx, New York.

1

FOR APPELLEE:                                    Joshua A. Naftalis, Brian A. Jacobs, Assistant
                                                 United States Attorneys, *for* Preet Bharara,
                                                 United States Attorney for the Southern
                                                 District of New York, New York, New York.

Appeal from an April 28, 2014 judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 28, 2014 judgment of the District Court is **AFFIRMED**.

Defendant Raymond Anthony Resto appeals from a judgment entered in the District Court revoking his terms of supervised release after it found, following an evidentiary hearing, that Resto violated those terms by assaulting his girlfriend, Taisha Santiago, on two occasions, using a controlled substance, and attempting to bribe a federal employee to avoid a drug test. The District Court sentenced Resto principally to a term of 48 months' imprisonment and a three-year term of supervised release.

On appeal, Resto contends that (1) the record fails to support the District Court's finding that he assaulted Santiago and that he attempted to bribe the federal employee, and (2) the sentence imposed by the District Court was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

**DISCUSSION**

**I.  Violations of Supervised Release**

Violations of supervised release need only be proven by a preponderance of the evidence. *See United States v. Carthen*, 681 F.3d 94, 99–100 (2d Cir. 2012). We review a finding of a violation of supervised release for abuse of discretion. *United States v. Barth*, 899 F.2d 199, 202 (2d Cir. 1990). A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citation and quotation marks omitted).

As noted above, Resto challenges the District Court's findings as it relates to his alleged assaults of Santiago and his alleged attempted bribery of a federal employee. Both of these challenges fail. First, sufficient evidence existed for the District Court to find by a preponderance of the evidence that Resto assaulted Santiago on two separate occasions. With regard to the August 4, 2013 incident, the District Court acted well within its discretion in crediting the testimony of Santiago's treating physician and concluding that Resto was the most likely cause of Santiago's

injuries. Similarly, with regard to the injuries Santiago sustained on September 14, 2013, the District Court did not err in crediting numerous witnesses, considering various exhibits, and concluding that it was more likely than not that Resto assaulted her a second time.

Resto's argument that the District Court erred in concluding that he attempted to bribe a federal employee is also without merit. The evidence presented during the evidentiary hearing— including that Resto appeared surprised when asked to take a urine sample, that he took out his wallet and told the Laboratory Technician that he only had $200, and that he asked whether there were surveillance cameras in the room—was clearly sufficient for the District Court to conclude that Resto offered a federal employee a bribe.

## II. Sentencing

We review sentences for violations of supervised release by asking the same question as in sentencing generally: "whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). Instead of looking to the formal Guidelines, however, judges are directed to consider the non-binding policy statements found in Chapter Seven of the Guidelines Manual when formulating sentencing ranges for violations of probation and supervised release. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). The court ultimately has "broad discretion to . . . impose a term of imprisonment" up to the statutory maximum. *United States v. Sweeney*, 90 F.3d 55, 57 (2d Cir. 1996).

For the procedural reasonableness inquiry, we review under an abuse of discretion standard, *Verkhoglyad*, 516 F.3d at 127, by focusing on whether the sentencing court followed all the necessary steps in deciding upon a sentence, *United States v. Park*, 758 F.3d 193, 197 (2d Cir. 2014). We review a sentence for substantive reasonableness also under an abuse of discretion standard. *United States v. Rigas*, 583 F.3d 108, 114-15 (2d Cir. 2009). An appellate court will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011) (internal quotation marks omitted). The length of a sentence is outside the range of permissible decisions when "affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Park*, 758 F.3d at 200 (internal quotation marks omitted).

Upon review of the record, we identify no unreasonableness in Resto's sentence. The District Court properly calculated the applicable Guidelines policy statement range, considered the relevant sentencing factors, and imposed a sentence that is within the range of permissible sentences. Indeed, the 48 month sentence—which is 12 months below the statutory maximum— cannot be said to "damage the administration of justice" where, as here, a defendant who was only

recently released from prison was found to have assaulted his girlfriend on two occasions, attempted to bribe a federal employee, and used a controlled substance.

## <u>CONCLUSION</u>

We have considered Resto's remaining arguments and find them without merit. Accordingly, we **AFFIRM** the April 28, 2014 judgment of the District Court.


FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court